BENJAMIN FIXMER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield October 30, 1894.*

1. CRIMINAL LAW—*accessories must be indicted as principals.* In this State an accessory can only be indicted and punished as a principal. *Usselton* v. *People*, 149 Ill. 612, followed.

2. SAME—*circumstances may be stated as inducement.* A statement of the circumstances of the offense, as in an indictment of an accessory at common law, will not render an indictment bad, provided it also charges the defendant directly with the crime as principal.

3. SAME—*when judgment will be arrested.* The judgment of conviction upon an indictment which fails to charge the defendant with the crime as principal, will be arrested, on motion.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

Mr. JOHN C. SNIGG, and Messrs. PALMER, SHUTT & DRENNAN, for the plaintiff in error:

Manslaughter is an offense which does not, in its nature, admit of accessories before the fact. 1 Bishop on Crim. Law, (3d ed.) sec. 620; Russell on Crimes, (8th ed.) 579.

If the party was present when the offense was committed he is not an accessory, and if indicted as such he must be acquitted. Roscoe on Crim. Evidence, (5th ed.) 215; 3 Greenleaf, sec. 43; 1 Hale, 437; Hawk. P. C. sec. 2, p. 89; *State* v. *Parker*, 28 Ohio St. 583.

Persons aiding may be convicted as principals, but must be so indicted, otherwise they cannot be convicted. *State* v. *Hessian,* 58 Iowa, 68 ; *Baxter* v. *People,* 3 Gilm. 382 ; *Koop* v. *People,* 47 Ill. 329 ; *Coates* v. *People,* 72 id. 304; *Usselton* v. *People,* 149 id. 612.

Mr. JAMES GRAHAM, State's Attorney, for the People :

It is not necessary to state a conclusion of law resulting from the facts of a case. It suffices to state the facts, and leave the court to draw the inferences. 1 Bishop on Crim. Pr. (3d ed.) 515 ; Wharton on Crim. Pl. and Pr. (9th ed.) 154; 1 Chitty on Crim. Law, (5th ed.) 231 a.

Therefore, to allege such facts as would have been sufficient to show defendant's guilt as an accessory at common law, is to charge him as a principal under the statute. *People* v. *Rozelle,* 78 Cal. 84; *People* v. *Campbell,* 40 id. 141; *People* v. *Trim,* 39 id. 76.

On an indictment founded on a statute, the defendant may be found guilty at common law. 1 Chitty on Crim. Law, 638 ; *Yundt* v. *People,* 65 Ill. 374; *Earll* v. *People,* 73 id. 330 ; *Yoe* v. *People,* 49 id. 410.

Mr. MAURICE T. MOLONEY, Attorney General, Mr. T. J. SCOFIELD, and Mr. M. L. NEWELL, also for the People :

When, in consequence of the means used to secure an abortion, the death of the woman ensues, it is murder at common law. 1 Am. & Eng. Ency. of Law, 28 ; 4 Blackstone's Com. 201; 1 Bishop on Crim. Law, 328 ; *State* v. *Moore,* 25 Iowa, 128 ; *State* v. *Dickinson,* 41 Wis. 299 ; 1 Hale's P. C. 429, 430 ; *Montgomery* v. *State,* 80 Ind. 338 ; *People* v. *Sessions,* 58 Mich. 594; *Commonwealth* v. *Parker,* 50 Mass. 263 ; *Commonwealth* v. *Keeper of the Prison,* 2 Ashm. 227; *Ann* v. *State,* 11 Humph. 159 ; *Tinckler's case,* 1 East's P. C. chap. 5, sec. 17, p. 230.

An indictment which charges the offense in the language of the code, and describes the offense so that it can be understood by the jury, is sufficient. *Mohler* v. *People,* 24 Ill. 26.

Mr. JUSTICE CARTER delivered the opinion of the court :

Plaintiff in error, Benjamin Fixmer, was convicted of manslaughter at the January term, 1894, of the Sangamon circuit court, and sentenced to imprisonment in the penitentiary for ten years. The indictment consisted of six counts, the first of which, omitting the caption, is as follows :

"That on the 8th day of July, in the year of our Lord one thousand eight hundred and ninety-three, at the county of Sangamon, in the aforesaid State of Illinois, John H. Lawrence, late of the said county and State, unlawfully, willfully, feloniously and of his malice aforethought, did use a certain instrument, the name and more particular description of which are to the grand jurors unknown, by then and there inserting, forcing and thrusting the said instrument into the private parts and womb of one Emma Stegmann, the said Emma Stegmann then and there being a woman pregnant with child, and in the peace of the People, with intent then and there to cause and produce the abortion and miscarriage of the said Emma Stegmann, it not being then and there necessary for the preservation of the life of the said Emma Stegmann, the mother of said child, to produce and cause said abortion and miscarriage, the said John H. Lawrence then and there well knowing that the use of said instrument as aforesaid, at the time aforesaid and in the manner aforesaid, would cause and produce such abortion and miscarriage, by reason whereof the said Emma Stegmann, from the 8th day of July, in the year aforesaid, until the 14th day of July, in the said year aforesaid, did languish, and, languishing, did live until the aforesaid 14th day of July in the year aforesaid, when she, the said Emma Stegmann, did die. And the grand jurors aforesaid, selected and sworn as aforesaid, in the name and by the authority aforesaid, on their oaths aforesaid, do further present, that Benjamin F. Fixmer, at the said county of Sangamon aforesaid,

State of Illinois, before the felony and murder were committed, in manner and form as aforesaid, to-wit, on the 6th day of July, in the year of our Lord one thousand eight hundred and ninety-three, did then and there, feloniously and willfully, incite, move, procure, aid, counsel and command the said John H. Lawrence the said felony and murder aforesaid to do and commit, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.".

The second count is the same as the first, except that it charges that some person unknown used the instrument, etc. The third count, in addition to charging Lawrence with the use of the instrument, also charged that he unlawfully, willfully, feloniously and of his malice aforethought caused the abortion and miscarriage, etc., and "of which abortion and miscarriage the said Emma Stegmann then and there became sick and languishing, and, continuing sick and languishing, she, the said Emma Stegmann, of the said abortion and miscarriage afterwards, on the 14th day of July, aforesaid, in the year aforesaid, did die." The count then charges Fixmer as accessory, as in the other counts. The fourth count is the same as the first, except that it charges Lawrence with administering to said Emma Stegmann a certain noxious and abortifacient drug, with intent, etc., instead of the use of an instrument. The fifth count is the same as the third, except that it charges some person unknown with causing the abortion. The sixth count is the same as the fourth, except that it charges, instead of Lawrence, that some person unknown administered the drug, etc.

The jury found Fixmer "guilty of manslaughter, as charged in the indictment," and fixed his punishment at imprisonment in the penitentiary for the term of ten years. Thereupon, defendant, Fixmer, moved the court to discharge him, but the court overruled the motion and defendant excepted. Motions for new trial and in arrest of judgment followed, and were overruled by the court,

and exceptions taken, and defendant sentenced upon the verdict.

In addition to the usual grounds for a new trial, it was claimed, and sought to be shown by affidavits, that Lawrence, who in three of the counts was charged with producing, or attempting to produce, the abortion, had been tried as principal, and acquitted; also, that one of the jurors had, before being examined, expressed the opinion that defendant was guilty and would be sent up.

Counsel on both sides, appreciating the pivotal point in the case, have directed their arguments chiefly to the questions raised on the motion in arrest of judgment, based on the alleged insufficiency of the indictment to sustain the verdict, and, as we view the case, it will not be necessary to its decision to consider any other question arising on this record.

The indictment purported to charge Fixmer with being accessory before the fact to the murder of Emma Stegmann by abortion or attempted abortion. It contained no allegation or charge that he committed the murder, or the crime of killing or slaying the deceased. In other words, there was no attempt to charge him as principal, but as accessory before the fact, only. It is insisted in argument, on behalf of the People, and not without force, that to allege such facts as would have been sufficient to show his guilt as an accessory before the fact at common law, is to charge him as principal under the statute; that it suffices to state the facts, and leave the court to draw the inferences; and that by force of section 6, division 11, of the Criminal Code, the indictment must be held sufficient to put plaintiff in error on trial for murder by abortion. In support of their contention, counsel cite, with other authorities, cases from other States arising under statutory provisions similar to our own, abolishing the distinction between accessories before the fact and principals. For example, in *People* v. *Rozelle*, 78 Cal. 36, (citing *Baxter* v. *People*, 3 Gilm. 368,) while it was held

much the better and safer practice to charge the accused directly as principal, yet that an information averring such facts as would have been sufficient to show his guilt as an accessory at common law was sufficient to charge him as principal under the statute. There seems to be some confusion in the California cases, as in *People* v. *Campbell*, 40 Cal. 129, it was held to be error to instruct the jury that the defendant might be indicted, tried and convicted as principal, even though it appeared he was accessory before the fact, only. In a supplemental opinion in the same case (page 141) it was said, that while the defendant is to be indicted, tried and punished as principal, yet the particular acts which establish that he "aided and abetted the crime," and thus became, in law, a principal, must be stated. By statute of that State, however, the indictment or information must contain "a statement of the acts constituting the offense." But we cannot agree with counsel for the People that the indictment in the case at bar would have been sufficient, at common law, to put defendant below on trial as an accessory before the fact to the crime of murder, for the principal reason that it contained no allegation, in terms or in substance, that the deceased was murdered with malice aforethought. Such an allegation was necessary at common law. 1 Archbold's Crim. Pr. (7th ed.) 846, 881, 301, and cases there cited; 1 Wharton's Precedents, 102. And whatever may be the rule in other States, and aside from and independently of this line of reasoning, the question at issue here has been settled and set at rest in this State by this court. *Baxter* v. *People*, 3 Gilm. 368; *Brennan* v. *People*, 15 Ill. 511; *Dempsey* v. *People*, 47 id. 323; *Coates* v. *People*, 72 id. 303; *Usselton* v. *People*, 149 id. 612.

Our Criminal Code (div. 2, sec. 2,) provides: "An accessory is he who stands by and aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime. He who thus aids, abets, assists, advises

or encourages shall be considered as principal, and punished accordingly." Section 3: "Every such accessory, when a crime is committed, within or without this State, by his aid or procurement in this State, may be indicted and convicted at the same time as the principal, or before or after his conviction, and whether the principal is convicted or amenable to justice or not, and punished as principal."

In *Baxter* v. *People, supra,* it was held that under an indictment, as principal, for murder, proof that the defendant was accessory to the crime before the fact would sustain the verdict, and that it was the proper practice in such cases to indict accessories before the fact as principals. The court there said: "All are principals, and as such should be indicted and punished. Indeed, they must be indicted as principals or not at all, for they are declared by the act to be principals. If they are not to be indicted as principals, the very object of the law is defeated; if they are to be indicted as accessories, they must be tried and convicted as accessories, and then they could not be tried till after the conviction of the principals, for, as we have before seen, we are bound by the rules of evidence of the common law, of which that is one." Again, it was said in *Coates* v. *People, supra,* that accessories at or before the fact "must be indicted as principals, and not otherwise." And in the *Usselton case, supra,* decided at the May term, 1894, of this court, and after final judgment was rendered below in the case at bar, the precise question at issue here was there determined. The accused in that case, as in this, was tried on a charge of murder, but Usselton was convicted of murder while plaintiff in error was convicted of manslaughter. It is apparent, however, that the rule announced by the court is as applicable to cases of manslaughter as of murder.

In the *Usselton case,* on page 615, this court said: "There is, however, in this indictment no allegation that these

defendants, in the manner and by the means alleged, killed said Sanders and were guilty of murder. In other words, there is nothing charging them as principals in the commission of the crime. The question is therefore presented, whether the indictment of one as an accessory before the fact, as at common law, will support a verdict of guilty of the principal offense,—in this case, of murder." And after citing and quoting from *Baxter* v. *People*, and *Coates* v. *People*, *supra*, it was held that, "the indictment charging no substantive offense punishable by the laws of this State, the court erred in overruling the motion to quash the same, and also erred in not arresting the judgment."

It is apparent that unless the *Usselton case* be overruled it must be accepted as decisive of this, and no sufficient reason appears to us for changing the rule thus settled. As said by this court in the cases above cited, the pleader may, if he chooses, state the circumstances of the offense as in an indictment against an accessory before the fact, but the indictment must contain an allegation charging the defendant as principal. It must charge him with the commission of the crime for which he is to be tried, and for which he must be punished, if found guilty.

The defect in this indictment is not one of mere form, which could have been reached by motion to quash, only, but is one of substance, for which the motion in arrest of judgment should have been sustained. For the error indicated the judgment of the circuit court will be reversed, and the cause remanded to that court, with directions to arrest the judgment and discharge the plaintiff in error.

. *Reversed and remanded.*