THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
    Error, vs. JULIA VANBEVER et al. Plaintiffs in Error.

*Opinion filed December 21, 1910—Rehearing denied Feb. 8, 1911.*

1. CONSTITUTIONAL LAW—*what is not a violation of provision
against amending law by reference to its title.* Section 13 of article 4 of the constitution, providing that "no law shall be revived
or amended by reference to its title only," etc., was not intended
to forbid every enactment which in any degree, however remotely,
might affect prior laws, and if an act is complete in itself and intelligible, showing, by itself, just what it is, it will not be held to
contravene such constitutional provision.

2. SAME—*paragraphs 168a and 168b of Criminal Code do not
violate section 13 of article 4 of constitution.* Paragraphs 168a and
168b of the Criminal Code, (Hurd's Stat. 1909, p. 785,) being sections 2 and 3 of the act of 1879, (Laws of 1879, p. 117,) relating
to imprisonment in the workhouse and working out a fine, do not
repeal, even by implication, those sections of the Criminal Code
which provide for the punishment of misdemeanors, and are not
in violation of section 13 of article 4 of the constitution, relating
to the amendment of laws.

3. SAME—*act of 1879 not unconstitutional because, by its title,
it purports to amend the Criminal Code.* The act of 1879, (Laws
of 1879, p. 117,) "to amend the Criminal Code," etc., is not unconstitutional upon the ground that there is, in fact, no statute in
Illinois designated as the "Criminal Code," as the statute relating
to criminal jurisprudence has been known for many years as the
Criminal Code, and the intention of the legislature in using such
words is clear and intelligible.

4. CRIMINAL LAW—*effect of act of 1879 relating to workhouses.*
Sections 2 and 3 of the act of 1879, being paragraphs 168a and 168b
of the Criminal Code, (Hurd's Stat. 1909, p. 785,) do no more
than modify those provisions of the Criminal Code which provide
for the punishment of misdemeanors, by making it discretionary
with the trial court, instead of committing the offender to jail, to
sentence him to labor in the workhouse or on the streets.

5. SAME—*accessory before the fact may be indicted and punished as a principal.* Under paragraphs 274 and 275 of the Criminal Code (Hurd's Stat. 1909, p. 811,) an accessory before the fact
may be indicted and punished as a principal, and while the pleader
may, if he chooses, state the circumstances of the offense in an indictment against an accessory before the fact, yet the indictment
must contain an allegation charging such person as a principal.

6. PANDERING—*one who employs another to procure a female for the purpose of prostitution is guilty as a principal.*  One who employs and agrees to pay another person to procure a female to enter a house of prostitution or to come into this State for the purpose of prostitution is guilty as a principal under the Pandering act of 1909, (Laws of 1909, p. 180,) and may be indicted and punished as such.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding.

CHARLES E. ERBSTEIN, and LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and ROY WRIGHT, (CHARLES V. BARRETT, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Two informations, one against each of the plaintiffs in error, were filed in the municipal court of Chicago, but as the legal questions raised are the same, the cases have been consolidated in this court. The plaintiffs in error were each found guilty in said municipal court of violating the Pandering act, (Laws of 1909, p. 180,) and sentenced to the house of correction for one year and each fined $1000, and in default of such payment, at the expiration of the original term of imprisonment to stand committed to the house of correction until such fine, together with costs, had been worked out at the rate of $1.50 per day. From those judgments writs of error were sued out and the cases brought here for review.

Plaintiffs in error first contend that the sentences of the court were based, in part at least, upon paragraphs 168*a* and 168*b* of the Criminal Code, (Hurd's Stat. 1909, p. 785,) and that the act of which these paragraphs are a part was passed in violation of the constitutional provision (art. 4,

sec. 13,) that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." No question seems to be raised as to that part of the sentence providing for the fine and imprisonment, but only as to that part which provides for working out the fine at the rate of $1.50 per day. Said paragraphs 168a and 168b are a part of an act passed in 1879, entitled "An act to amend the Criminal Code to change the punishment of persons convicted of the crime of petit larceny and misdemeanors, and to repeal an act entitled 'An act to amend section 168 of an act entitled 'An act to revise the law in relation to criminal jurisprudence,' approved March 27, 1874, approved April 10, 1877, in force July 1, 1877," approved May 28, 1879, in force July 1, 1879. (Laws of 1879, p. 117.) Section 1 of this act relates solely to the punishment for larceny and is not claimed to be involved in this discussion. Sections 2 and 3 of the act are said paragraphs 168a and 168b heretofore referred to, and read as follows:

"Sec. 2. That hereafter any person convicted in any court of record of any misdemeanor under the Criminal Code of this State the punishment of which in whole or in part now is, or hereafter may be imprisoned in the county jail, the court in which such conviction is had, may in its discretion, instead of committing to jail, sentence such person to labor in the workhouse of any city, town or county, where the conviction is had. * * *

"Sec. 3. That any person convicted of petit larceny, or any misdemeanor punishable under the laws of this State, in whole, or in part, by fine may be required * * * to work out such fine and all costs, in the workhouse of the city * * * under the proper person in charge of such workhouse, * * * at the rate of one dollar and fifty one-hundredths dollars ($1.50) per day for each day's work."

It is urged that these sections, in effect, amend the other sections of the Criminal Code which have reference to the

punishment of misdemeanors, and while it is conceded that they do not in any way refer to such other sections, it is claimed that these later sections are unconstitutional because such other sections so claimed to be amended are not inserted at length in this new act. The rule has long been established in this State that this clause of the constitution was not intended to forbid every enactment which in any degree, however remotely, might affect prior laws on a given subject; that to so hold would bring about a far greater evil than the one sought to be obviated. If the act questioned is complete in itself and intelligible, showing, by itself, just what it is, it will not be held to contravene the constitutional provision in question. "A subsequent act may have the practical effect of amending a prior one, or it may be substituted for it without violating the constitution." (*People* v. *Election Comrs.* 221 Ill. 9; *Badenoch* v. *City of Chicago,* 222 id. 71; 1 Lewis' Sutherland on Stat. Const. sec. 239.) The following decisions are a few among the many decided by this court that uphold the above conclusions: *People* v. *Wright,* 70 Ill. 388; *Timm* v. *Harrison,* 109 id. 593; *School Directors* v. *School Directors,* 135 id. 464; *People* v. *Loeffler,* 175 id. 585; *People* v. *Knopf,* 183 id. 410; *Erford* v. *City of Peoria,* 229 id. 546; *People* v. *Jones,* 242 id. 138. Manifestly, said paragraphs 168*a* and 168*b* are intelligible, and show on their face just what the legislature intended. They do not repeal, even by implication, the sections of the Criminal Code that provide for the punishment of misdemeanors. At the most they only modify them to the extent that it is discretionary with the trial court, instead of committing to jail, to sentence the person to labor in the workhouse or upon the streets and alleys of the city or town. The sections in question are not unconstitutional:

It is further insisted that the act is unconstitutional because of its title, in this: that it attempts to amend the "Criminal Code," when, as a matter of fact, we have no

Criminal Code in this State, the principal act as to criminal matters being entitled one "to revise the law in relation to criminal jurisprudence." The rule for the guidance of courts in these matters is to ascertain the intention of the legislature, and not its mistakes, either as to law or fact. The only question is, has the legislature expressed its purpose intelligibly? If it has, the act is valid and must be upheld. (*Patton* v. *People,* 229 Ill. 512; 1 Lewis' Sutherland on Stat. Const.—2d ed.—sec. 233.) Chapter 38 of our Revised Statutes has long been known as the "Criminal Code." The title to this amendatory act uses the phrase "criminal code" as synonymous with "criminal jurisprudence." The intention of the legislature as set forth in this title is clear and intelligible, and the objection on this point is without force.

Plaintiffs in error further insist that the proof in each of these cases failed to sustain the allegations of the information; that the information in each case charged the defendant with procuring a female inmate for a house of prostitution, while the proof showed that the defendants did not directly induce the girl in question to go into a house of prostitution but employed others to persuade her to do so. Under sections 274 and 275 of the Criminal Code (Hurd's Stat. 1909, p. 811,) an accessory before the fact may be indicted and punished as principal. Indeed, it is the ordinary practice to indict as principal an accessory before the fact. Although under the authorities in this State the pleader may, if he chooses, state the circumstances of the offense in an indictment against an accessory before the fact, yet the indictment must contain an allegation charging the defendant as principal. (*Fixmer* v. *People,* 153 Ill. 123; *Burnett* v. *People,* 204 id. 208; *People* v. *Lucas,* 244 id. 603.) The informations properly charged the plaintiffs in error as principals and the proof sustained the charge.

What we have just said disposes also of the argument of counsel that the proof shows that plaintiffs in error were

guilty of another offense than that charged in the information,—that is, that they agreed to give money to others to procure the female in question to come into the State for the purpose of prostitution. The word "procure" means to begin proceedings; to cause a thing to be done. There can be no question, under the proof, that the plaintiffs in error caused others to bring the female, Sarah Joseph, into this State for the purpose of prostitution. The evidence showed, practically without contradiction, that both plaintiffs in error were actively urging, advising and assisting in having the girl brought to their house of prostitution as an inmate.

We find no error in either record. The judgment of the municipal court in each case, therefore, will be affirmed.

*Judgment affirmed.*