THE PEOPLE *ex rel.* Samuel T. Kincaid, Appellee, *vs.* THE SCHOOL DIRECTORS OF DISTRICT No. 8, Appellants.

*Opinion filed February 17, 1915.*

1. CONSTITUTIONAL LAW—*section 13 of article 4 was not intended to apply to every act affecting prior laws.* Section 13 of article 4 of the constitution, providing that no law shall be revived or amended by reference to its title, only, etc., was not intended to apply to every enactment that may affect prior laws.

2. SAME—*when act is not within the meaning of section 13 of article 4.* If an act can properly be held to be a complete act of the legislature on the subject with which it deals it is not within the meaning of section 13 of article 4 of the constitution, providing that no act shall be amended by reference to its title, only.

3. SAME—*High School law of 1913 does not contravene section 13 of article 4.* The High School law of 1913, providing for the transfer of pupils to a high school when there is no high

school in the district where they reside, is complete in itself and does not contravene section 13 of article 4 of the constitution.

4. SCHOOLS—*High School law of 1913 need not be read in connection with section 121 of School law.* The High School act of 1913, concerning the transfer of pupils to a high school, need not be read in connection with section 121 of the School law, as the requirement in the act of 1913 that the tuition shall be paid by the district from which the pupils are transferred does not require the aid of any other portion of the School law, but the tuition may be collected in any mode provided by law for enforcing similar obligations.

5. SAME—*neither the parents nor the school directors can arbitrarily select high school.* The provision of the High School act of 1913 that the parent or guardian shall select the high school to be attended, subject to the approval of the school directors of the home district, does not give either the parent or guardian or the school directors arbitrary power to select the high school to be attended, and if the parent or guardian and the school directors disagree, the matter must be determined by the court according to the circumstances.

APPEAL from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding.

PARKER & EAGLETON, for appellants.

JOSEPH B. CROWLEY, State's Attorney, and STEWART W. KINCAID, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Samuel T. Kincaid, relator, filed in the circuit court of Crawford county on December 15, 1913, his petition for a writ of *mandamus* against the directors of school district 8, town 6, north, range 11, west, to compel the said directors to approve the transfer of his children, Tura Kincaid and Theresa Kincaid, from said school district to the Robinson township high school, in said county, and to pay the tuition therefor that might thereafter become due to the said high school selected by him for the attendance of said children, according to the provisions of an act of the legislature ap-

proved June 26, 1913, (Laws of 1913, p. 584,) providing for the transfer of pupils to a public high school when there is no high school in the district in which they reside. The respondents answered the petition, setting up in their answer that the act in question is unconstitutional, and further setting up that the selection of the high school to be attended must be by the concurrent act of the relator and the respondents; that under the law the relator had no right to select the high school to be attended without the consent and approval of respondents; that respondents did not refuse to make any transfer, but when the relator made application for the transfer of said children to the Robinson township high school, they, as directors, refused to permit such transfer but granted a transfer and permit for said children to attend the Palestine high school, which meets the requirements of the High School law and is on the accredited list of the high schools of the State. They further answered that on June 14, 1914, the Palestine township high school was formed, embracing all the territory of said district 8, and that the relator and his children resided at the time of filing said petition, and now reside, in said Palestine township high school district. The relator demurred to the answer, which demurrer was sustained by the court, and respondents elected to abide by their answer and refused to answer further. Thereupon it was ordered by the court that a writ of *mandamus* issue commanding the respondents to draw an order on the treasurer of said school district 8, directing the payment to the treasurer of the Robinson township high school of the amount of $72, the amount of one year's tuition, on account of the admission and attendance of the two children of relator for and during the school year which commenced September 1, 1913, and for costs. The final order was entered in October, 1914, at which time the school year which commenced September 1, 1913, having ended, it would have been unavailing to order the approval by respondents of the transfer of

the relator's children. From this order the school directors have appealed to this court, the constitutionality of a statute being involved, and assign as error the action of the court in holding the High School act of 1913 constitutional, and in sustaining the demurrer of the relator to the answer of the respondents and ordering the payment of the tuition from the funds of district 8 for the attendance of relator's children at the Robinson township high school.

The questions involved in this appeal are the constitutionality of the act in question, and the construction of that act as to the power of the directors to withhold their approval or permit when the parent of children has selected a high school to which the transfer is to be made under the provisions of the act.

The act in question is as follows:

"That graduates of the eighth grade residing in a school district in which no public high school is maintained, shall be admitted, upon the payment of tuition, to any public high school, with the consent of the school board of the district in which such high school is situated. The tuition of such pupils shall be paid by the district in which they reside, from any funds not otherwise appropriated, but in no case shall the tuition per pupil exceed the *per capita* cost of maintaining the high school selected. The parent, or. guardian, shall select the high school to be attended, subject to the approval of the school directors of the home district: *Provided, however,* that the high school selected offers a program of studies extending through four school years. The application of this act shall not relate to districts that provide work in the ninth and tenth grades, except to pupils that have completed the work of such grades."

The point is made by appellants that said act is contrary to the provision of section 13 of article 4 of the constitution, that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act;" that the law

purports to be an independent act and not an amendatory act, and as such must be complete within itself. A similar law was enacted by the legislature in 1907. (Laws of 1907, p. 523.) That act, however, while in other respects similar to the act of 1913, contained the following provision: "The tuition in cases where the parent or guardian of such pupil is unable to pay tuition, the same shall be paid by the school board of the district in which such pupils reside, from the funds of the district." The act was held unconstitutional, for the reason that it attempted to make a distinction between different individuals according to their ability to pay, and we held that while the terms and conditions upon which the transfer of pupils from one district to another shall be permitted are matters for the determination of the legislature, the act in question, in providing for the transfer of pupils to the high school and authorizing' the payment of their tuition by the district from which they were transferred only when the parents or guardians were unable to pay the tuition, was obnoxious to section 1 of article 8 of the constitution, under which the system of free schools required to be established must be for the benefit of all the children of the State. (*People* v. *Moore,* 240 Ill. 408.) The act of 1913 in question is not open to this objection, and was evidently passed by the legislature in its present form, as pointed out in *Cook* v. *Board of Directors,* 266 Ill. 164, to overcome the objections pointed out by this court in *People* v. *Moore.*

Every presumption must be indulged in favor of the constitutionality of a law as enacted, and we are obliged to construe the act in favor of its constitutionality and validity unless we are satisfied, beyond a reasonable doubt, that the same is invalid. The constitutional provision as to amendments in section 13 of article 4 of the constitution was not intended to forbid every enactment which in any degree might affect prior laws. (*People* v. *VanBever,* 248 Ill. 136; *People* v. *McBride,* 234 id. 146; *People* v. *Mc-*

*Cullough,* 254 id. 9.)   If a statute can properly be held to be a complete act of the legislature on the subject with which it deals, it will be deemed good and not subject to the operation of section 13 of article 4 of the constitution, providing that no act shall be amended by reference to its title, only.   (*People* v. *Knopf,* 183 Ill. 410.)   Whether an act is amendatory of a prior act or is an independent act must be determined, not by the title alone or by the question whether the provisions to be amended are existing laws, but by examination and comparison with prior laws.   (*Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 Ill. 98.) Where a new act on a subject has no reference to any prior law and is complete in itself and entirely intelligible it will not contravene section 13 of article 4 of the constitution. (*People* v. *Loeffler,* 175 Ill. 585.)   Tested by these rules, while it is true that any new law may be said in some sense to change or amend the laws which have heretofore been in force, yet it is not necessary that every new enactment shall specifically mention or re-enact all prior laws on the same subject, except where there is some change by a new act.   This is particularly true of our school laws, contained in chapter 122 of the Revised Statutes, which are composed of a great many independent acts, all of which are related to some extent to each other and some of which depend upon other enactments, but where any separate enactment is complete in itself and does not purport, either in its title or in the body thereof, to amend or revive any other act, it is valid.

In the recent case of *People* v. *Crossley,* 261 Ill. 78, the validity of the Township High School act of 1911 (Laws of 1911, p. 505,) was attacked for the same reason the act of 1913 is attacked in this case.   The law of 1911 not only changed the law in the organization of high school districts, but it was in direct conflict with other laws previously enacted for the same purpose.   We held that the law of 1911 was valid as a complete and entire act on the subjects em-

267 – 12

braced therein. As said in the opinion in that case, quoting from *People* v. *Wright,* 70 Ill. 388, as to the constitutional prohibition contained in section 13 of article 4 of the constitution: "The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words or to substitute one phrase for another in an act or section which was only referred to but not re-published was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision and cannot be held to be prohibited by it without violating its plain intent." No similar act has been pointed out in our statutes which the law in question can be said to change or modify, and we are of the opinion that the act can be considered as one complete in itself, and is therefore valid and constitutional.

Nor do we think it is necessary to read this act in connection with section 121 of the School law, which provides for the transfer of pupils from one district to another, as this deals with another matter. Section 121 provides that pupils may be transferred from one district to another upon the written consent of a majority of the directors of each district, which written consent shall be filed with the treasurer and shall be evidence of such consent. The duty of collecting the amount due on account of pupils transferred shall devolve upon the directors of the district in which the school is taught. Whenever the number of children between the ages of six and sixteen years in any district school shall be fewer than six, it shall be lawful for the

directors of such district to arrange for the transfer of pupils, and, when necessary, provide free transportation for them to a neighboring school. Considering the whole of section 121, it is apparent that the purpose of that law is entirely different from that of the law in question. The requirement in the law of 1913 that the tuition shall be paid by the district from which such transfer is made does not require the aid of any other portion of the School law. Such amount could be collected in any mode provided by law for the collection of similar obligations.

In the case of *Cook* v. *Board of Directors, supra,* the constitutionality of the act of 1913 in question was attacked on different grounds. In that case we held that the law was valid and constitutional, notwithstanding the objections there made. In neither of the cases of *People* v. *Moore* or *Cook* v. *Board of Directors* was it urged or considered that the law was invalid for the reasons now urged concerning the law of 1913. Section 121 of the present School law was referred to and considered in the *Cook case,* and section 35 of article 5 of the former School law, in force when the *Moore case* was decided and which was similar in some respects to section 121 of the present law, was considered in the *Moore case.* In both of those decisions it was pointed out that the respective sections provided for transfers of pupils from one school district to another, and that under those sections a transfer of pupils might be made to a high school district, as a high school was a part of the common school system; but there was nothing said in the opinion in the *Moore case* from which it could be inferred that the act of 1907, declared unconstitutional, should be considered as amendatory of section 35 of article 5 of the former School law. Nor was it held in the *Cook case* that the act of 1913 now under consideration was an amendment to section 121 of the present School law, or that it was other than an independent act, complete in itself.

It is further contended by appellants that under the law in question school directors of the district from which such transfer is made have the right to select the high school district to which such pupils shall be transferred. That portion of the law is as follows: "The parent, or guardian, shall select the high school to be attended, subject to the approval of the school directors of the home district." It is contended by appellants in this case that in the exercise of their right they selected a different high school to which such transfer should be made from the one selected by the relator, as parent of the children desired to be transferred. This portion of the law is subject to a reasonable construction. Parents and school directors of the district from which the transfer is sought are supposed to work in harmony in the matter of transfers, and it is not the intent or purpose of the law to allow either to make an arbitrary selection of the high school to be attended. If the respondents, as directors of the home district, could show any valid reason why the transfer should not be made to the school selected by the parent or could show any reason why the transfer should be made to the school selected by them, such reason should be considered and passed upon by the court on its merits. Such selection should not be arbitrary in either case. We are not informed by the record of the situation of the parties, and nothing is set up in the answer of respondents, or any reason given, why the selection of the Robinson township high school by the parent was in any way improper, nor is any reason given why respondents should select the Palestine high school contrary to the wishes of the parent, and in the absence of any such showing we must decline to reverse the judgment on those grounds.

For the reasons given, the judgment of the circuit court of Crawford county will be affirmed.

*Judgment affirmed.*