(No. 15996.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN TOKOLY, SR., Plaintiff in Error.

*Opinion filed June 17, 1924—Rehearing denied October 10, 1924.*

1. STATUTES—*when independent act does not come within constitutional requirement as to amendments.* If an act is, in fact, amendatory within the sense intended by section 13 of article 4 of the constitution, the fact that it purports to be an independent act does not relieve it of the requirement that it shall set forth the amended statute, but where it is enacted as original and independent legislation and is complete in itself it is not within the constitutional requirement, though it modifies, by implication, prior acts or parts thereof.

2. SAME—*criminal statute may exist concurrently with common law.* A criminal statute may exist concurrently with the common law and may be construed as cumulative as to any particular crime.

3. SAME—*cumulative statute is not amendatory within meaning of constitution.* A statute may be cumulative of existing statutory law without being considered amendatory thereof although related to and in fact modifying prior laws, and a subsequent act may have the practical effect of amending a prior one, or it may be substituted for it without violating the constitution.

313—12

4. CRIMINAL LAW—*the act of 1923, making vendor of poisonous liquor liable for murder, is not an amendatory act.* The act of 1923, making vendors of wood alcohol or any poisonous liquor liable for murder where death results from such sale for beverage purposes, although it modifies the Homicide act by making an additional offense murder, is more in the nature of a cumulative provision, and is not amendatory in the sense intended by section 13 of article 4 of the constitution, requiring amended statutes to be set forth in the amendatory act.

5. SAME—*statute making a certain offense murder need not define the crime of murder.* The fact that a statute, in providing that if death follows the commission of a certain act the person performing the act shall be guilty of murder, does not in the same provision specifically define murder does not render the provision uncertain, but the same general rules which govern in an indictment and trial for murder committed in any other manner will govern as to such a statute.

6. SAME—*how an offense may be defined in statute.* The legislature in creating an offense may define it by a particular description of the act or acts constituting it, or it may define it as any act which produces, or is reasonably calculated to produce, a certain defined or described result.

7. SAME—*when indictment sufficiently states offense charged.* Every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating it, or so plainly that the nature of the offense may be easily understood by the jury.

8. SAME—*general rule as to when evidence is relevant.* Evidence must be confined to the point at issue and no evidence of a separate substantive offense is admissible, but the test of admissibility is the connection of the facts proved with the crime charged, and any circumstance may be put in evidence which tends to make the proposition at issue either more or less probable.

9. SAME—*what evidence as to habit is admissible.* What one is in the habit of doing or is doing at the time the offense is committed, as to the thing prohibited or indicated as constituting the crime, is pertinent.

10. SAME—*when evidence of different offenses is admissible.* Where a defendant is charged with murder, under the act of 1923, for selling poisonous liquor as a beverage, evidence that he made other sales on the same day to other parties, who died or became ill, is admissible because it has a tendency to prove that the sale in question was not an accident or mistake.

11. SAME—*when evidence is sufficient on which to base instruction defining an accessory.* In a prosecution under the act of 1923

for murder committed in the sale of poisonous liquor for beverage purposes, there is sufficient evidence on which to base an instruction defining an accessory and stating that an accessory may be convicted as principal where it is proved that the defendant was proprietor of the place where the liquor was sold, that he procured it for sale and that it was sold by his sons as his agents, although they did not know that it was poisonous.

12. SAME—*when instruction as to manslaughter is proper in a murder trial.* Where evidence admits of only the one conclusion that the crime charged was murder it is error to give an instruction authorizing a verdict for a lesser offense, but ordinarily under an indictment for murder the accused may be convicted of manslaughter if there is any evidence tending to prove the commission of that crime, and if such is the case an instruction may be offered to cover such state of facts.

13. SAME—*what instruction is not misleading in prosecution for murder under act of 1923, relating to sale of poisonous liquor.* In a prosecution for murder under the act of 1923, relating to the sale of wood alcohol or any poisonous liquor for beverage purposes, an instruction is not misleading which states that the sale of such liquor is an unlawful act, and that if death results therefrom the jury may take such fact into consideration in determining whether the defendant is guilty of manslaughter.

THOMPSON and DUNCAN, JJ., specially concurring.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding.

HOGAN & REESE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, EDWARD E. DOWELL, State's Attorney, and JAMES B. SEARCY, (HARRY B. HERSHEY, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted, tried and found guilty of the crime of manslaughter and was sentenced to the penitentiary to serve an indeterminate sentence. The indictment was under an act passed in 1923 "to punish persons knowingly and willfully selling, bartering or furnishing for beverage purposes wood alcohol, compounds or preparations containing wood alcohol, or any poisonous liquor, which

causes death, from its use as a beverage." Section 1 is as follows: "Whoever knowingly and willfully sells, barters or furnishes any wood alcohol, or any compound or preparation containing wood alcohol, or any poisonous liquor, to be used for beverage purposes, and death results from such use, shall be guilty of murder and punished accordingly." (Laws of 1923, p. 317.) Plaintiff in error sued out a writ of error to reverse the judgment of conviction.

Plaintiff in error, with his two sons, conducted a soft drink parlor in the city of Pana at the time of his arrest, in October, 1923. George Baldwin, a resident of Pana, entered plaintiff in error's place of business on October 11, 1923, and drank as a beverage some liquid which looked like whisky. Baldwin died the night of the day following. There was testimony of other deaths following drinking at plaintiff in error's place of business. Some of the same liquor which was being sold at that place was analyzed and was found to contain 44.7 per cent wood alcohol. There was testimony that others drank the liquor sold by plaintiff in error, following which they were made sick and became blind, for a time at least. It appears from the evidence that alcohol was purchased by plaintiff in error from Bob Smith, who apparently resided in the same city. He purchased five gallons at one time, for which he paid $37, and another five gallons later, which had not been paid for at the time of his arrest. It was testified that wood alcohol sold for $1.45 to $1.60 and up per gallon. There was some testimony to the effect that plaintiff in error had stated at the coroner's inquest that he supposed he was getting grain alcohol, but there was no direct evidence at the time of the trial to indicate that he purchased what he supposed was grain alcohol, except the price paid and what he had previously stated at the coroner's inquest.

The indictment contained six counts, all of which were based upon the death of Baldwin from wood alcohol poisoning. The first question discussed is the constitutionality of

the act upon which the indictment is founded. It is argued that the act amends the Homicide act by making something murder which is not already therein contained, without setting out the act or section amended at length. It will be seen that the act does not purport to amend the existing law on homicide but is an independent act, which declares that one committing the act mentioned in the title and section shall be guilty of murder. When a law is, in fact, amendatory of a previous law in the sense intended by section 13 of article 4 of the constitution, the mere fact that the later act purports to be an independent act, and not amendatory, is unimportant. The court will consider it from the standpoint of what it is in reality. (*People* v. *Wright,* 70 Ill. 388.) But where the act does not purport to be amendatory but is enacted as original and independent legislation and is complete in itself, it is not within the constitutional requirement as to amendments where it simply modifies, by implication, prior acts or parts thereof. (1 Lewis' Sutherland on Stat. Const. sec. 239; see, also, *Timm* v. *Harrison,* 109 Ill. 593; *People* v. *Wright, supra.*) Statutes may exist concurrently with the common law and the statutes be construed as cumulative as to any particular crime. (1 McClain on Crim. Law, sec. 95.) Statutes are frequently cumulative of existing statutory laws without being considered amendatory thereof, although related to and in fact modifying prior laws. A subsequent act may have the practical effect of amending a prior one, or it may be substituted for it without violating the constitution. (*People* v. *VanBever,* 248 Ill. 136; *People* v. *Jones,* 242 id. 138.) The act here in question, while it modifies the Homicide statute by making an additional offense murder, is more in the nature of a cumulative provision than an amendatory one. It is no objection that one statute creates an offense and another act provides for its punishment. (16 Corpus Juris, 68, 69.) There are a number of such statutes in the Criminal Code of this State.

It is next insisted that the indictment is insufficient in that it does not charge the sale of the liquor as being the cause of the death but the drinking of it to be such cause; that the sale is the thing prohibited, and that that fact should have been alleged as the cause of the death. The act provides that if wood alcohol is sold, bartered or furnished for beverage purposes, and death results from such use, the offense shall be murder. The different elements constituting the crime of murder were contained in one or more counts of the indictment, namely, the name of the party charged, the person killed, the act done, the means employed, the injury inflicted, the result, time, place and fact of death, and the conclusion. In some of the counts, at least, the death is charged to have been caused unlawfully, willfully and with malice aforethought, against the peace and dignity of the people. Because a statute, in providing that if death follows the commission of certain acts the person so performing the acts shall be guilty of murder, does not in the same provision specifically define murder does not render the provision uncertain. The legislature in creating an offense may define it by a particular description of the act or acts constituting it, or it may define it as any act which produces, or is reasonably calculated to produce, a certain defined or described result. (16 Corpus Juris, 67.) The same general rules which govern and control in the indictment and trial for murder committed in any other manner govern and control as to a statute such as this, which states that certain acts shall constitute a particular crime, without further defining such crime. (*Earll* v. *People,* 73 Ill. 329.) Every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury. (Crim. Code, par. 716.) The indictment in this case was substantially in the language of the statute and advised the plaintiff in error plainly of the nature of the charge against

him. That is all that the law requires. *People* v. *Krause,* 291. Ill. 64.

. It is contended, also, that error was committed by the court in permitting evidence to be introduced of sales of liquor containing wood alcohol to other persons and that they died as a result thereof or became blind or nearly so; that such evidence had no tendency to prove motive or to fix identity and was not inseparably connected with the offense charged. The general rule is that in a case of this kind the evidence must be confined to the point in issue, and therefore no evidence of a distinct substantive offense committed is admissible. (*People* v. *King,* 276 Ill. 138.) In the very nature of the offense created by the statute it became necessary to show that the wood alcohol was sold for beverage purposes, and when that proof was made it showed the intention was to sell for beverage purposes. While it may not have been necessary to go into any special details as to the circumstances surrounding the death, sickness or blindness, the showing of the symptoms of wood alcohol poisoning and the fact of death had some bearing upon the question at issue, even though it proved an independent substantive offense under this same act or another statute. The test of admissibility of evidence is the connection of the facts proved with the crime charged. What one is in the habit of doing or is doing at the time the offense is committed, as to the thing prohibited or indicated as constituting the crime, is pertinent. (*People* v. *Moeller,* 260 Ill. 375.) The sale to others was on the same day the sale was made to Baldwin and the day previous. If the introduction of the testimony had the effect of showing the absence of mistake or accident, which is a proper purpose, it was competent. (*People* v. *Cione,* 293 Ill. 321.) Any circumstance may be put in evidence which tends to make the proposition at issue either more or less probable. (*People* v. *Newsome,* 291 Ill. 11.) We think there was a sufficient connection between the facts testified to as to other

persons drinking and the result thereof, and the sale and result in the case here, to justify the introduction of the testimony in question.

Instruction 1 given for the People is criticised because it states that while the certain acts therein mentioned constitute murder, the instruction does not tell the jury what murder is. Plaintiff in error's instruction 13 was given for that identical purpose. The instructions are to be considered as a series. It is not necessary that the whole law upon a given subject shall be stated in any particular instruction which is not intended as a direction to find a verdict. What we have heretofore stated as to the constitutionality of the law also has some bearing upon the further argument made against this instruction.

It is contended that instruction 6, which defined an accessory, stating that an accessory could be convicted as a principal, was improperly given as there was no evidence upon which to base it, unless it be upon the theory that plaintiff in error furnished the wood alcohol and delivered it to the premises even though he may not have made the actual sales himself; that the sons could not have been considered as principals having a knowledge of the character of the liquor they sold, for they drank it themselves and were made sick by it. The evidence showed that plaintiff in error was the proprietor of the place and that he procured the alcohol and placed it on sale and the sons were working for him in selling the liquor. On these facts plaintiff in error would be considered in law as aiding, assisting and abetting the actual sales of liquor for beverage purposes even though he himself made no actual sale. If an instruction states the law correctly and is based upon legitimate evidence in the record, the propriety of its introduction is not made to depend upon the testimony actually showing a particular state of facts unless there is some further prejudicial reason disclosed. (*People* v. *Everett,* 242 Ill. 628.) In most important criminal cases where the evidence admits

of more than one conclusion, one or more instructions to the jury contain the condition that if the jury believe from the evidence that a particular state of facts is shown to exist, the particular law stated in the instruction applies. The instruction here in question stated the law correctly and there was no error in giving it.

It is contended that instruction 7, defining manslaughter, was improperly given because the act under which the indictment was drawn made the offense there stated murder and no lesser offense constituting manslaughter was provided, and that as the indictment in every count charged murder and not manslaughter, if the proof failed in some of the elements necessary to be shown to constitute murder it would not show the lesser crime of manslaughter but the proof would fail altogether. Under an indictment for murder a conviction for manslaughter will be sustained. (*Howard* v. *People,* 185 Ill. 552; *Earll* v. *People, supra; Graff* v. *People,* 208 Ill. 312.) Where the evidence admits of only one conclusion, and that conclusion is that the crime charged was committed, it is error to give an instruction authorizing a verdict for a lesser offense. (*People* v. *Moore,* 276 Ill. 393.) Ordinarily, under an indictment for murder the accused may be convicted of manslaughter if there is any evidence tending to prove the commission of that crime. The rule is otherwise if there is no such evidence. (*People* v. *Schultz,* 267 Ill. 147; *Davis* v. *People,* 114 id. 86.) There was some evidence, the weight of which we do not pass upon, which had a tendency to show plaintiff in error did not know the alcohol he was obtaining was wood alcohol. He knew the sales of liquor were unlawful, therefore an instruction which omitted one of the essential ingredients of the crime of murder still charged that he unlawfully sold wood alcohol as a beverage, and would be a sufficient statement of the law to warrant a conviction of manslaughter. If it is no objection that a statute may provide that an offense shall be murder without incorporating all the elements

which constitute murder and that the general rules applicable to the indictment and trial for murder shall control, then, if the evidence may show the elements present which constitute manslaughter, (*People* v. *Schultz, supra,*) under the authorities heretofore cited it could be no objection that an instruction be offered to cover such a state of facts. The verdict of the jury in this case was that the plaintiff in error was guilty of manslaughter.

Two instructions which it is conceded state the law correctly are objected to because it is contended they have no application to the case, and the general statement is made that they tended to prejudice the jury. One of these instructions discussed different tests as to the credibility of witnesses, and the other was upon circumstantial evidence. Without discussing either instruction, we think it is sufficient to say that under the evidence neither instruction was prejudicial to plaintiff in error.

Counsel also object to instruction 11, which had the effect of advising the jury that if plaintiff in error furnished wood alcohol, by himself or agent, to George Baldwin, in manner and form as charged in the indictment, he was engaged in an unlawful act which might produce the killing of a human being, and if the jury believed such unlawful act resulted in the killing of Baldwin, they could take such fact into consideration in determining whether plaintiff in error was guilty of manslaughter. It is stated the instruction omits an essential ingredient of the crime, namely, that he knowingly or willfully sold or furnished the wood alcohol. What was said in discussing instruction 7 answers a part of the argument made as to this instruction. If the act charged is unlawful, it is not essential that the proof show all the elements necessary to convict for murder. There was not in the instruction an attempt to hold the plaintiff in error responsible for an independent act of the agent, but the wording of the instruction is such as to directly connect the act of any other person with the plaintiff

in error. The wording is, "that the defendant sold or furnished, either by himself or agent, wood alcohol." The testimony shows the agency was created by plaintiff in error for the purpose of carrying on the unlawful business and making sales of such liquor for beverage purposes. Section 145 of the Criminal Code (Homicide statute) provides that where such involuntary killing shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder. As heretofore stated, without in so many words referring to the conduct of a business, the statute refers to selling wood alcohol for beverage purposes, which indicates the conducting of a business. This would permit showing more than the one sale to Baldwin, either by plaintiff in error or those employed by him. This proof would furnish evidence of a violation of the law. The instruction, in our judgment, was not misleading.

Instruction 12 is criticised because it told the jury that they might determine the question of the knowledge and intention of plaintiff in error from all the facts and circumstances. What we have heretofore said substantially answers this objection. The sale to other persons tended to show the knowledge and intention of the plaintiff in error, and the instruction was applicable and the giving of it was not error.

It is contended that numerous other instructions should have been given. One of these instructions told the jury that if the evidence disclosed that deceased drank liquor at another place, not furnished by plaintiff in error, and such evidence left in the jury's mind a reasonable doubt as to whether wood alcohol or other poisonous substance was furnished by plaintiff in error, or that the particular wood alcohol or other poisonous substance furnished by him occasioned the death of the deceased, then the jury should

find him not guilty. Three instructions were given on behalf of plaintiff in error which in effect told the jury that if the evidence showed that deceased received liquor from others or at another place and such evidence raised in their minds a reasonable doubt of plaintiff in error's guilt, they should find him not guilty. The jury were told all that the refused instruction requested.

A number of other instructions requested and refused contained statements of the law covered in instructions given, and there was no reason to repeat them in somewhat varying language. Instruction 50 requested by plaintiff in error, intended as a cautionary instruction concerning certain evidence, gave undue prominence to the same, and there was no error in refusing to give it.

The objection that improper evidence was admitted of sales to other people has been heretofore passed upon in discussing instruction 11. This case is distinguished from *People* v. *Gotler*, 311 Ill. 387, and *People* v. *Meisner*, 311 id. 40. In those and other cases cited it appeared as a fact that the evidence objected to as to other offenses was immaterial as to the offense charged. The rule was recognized in those cases that the test of admissibility of evidence is the connection of the facts proved with the offense charged. Under the wording of the statute the evidence as to other persons drinking had the effect of showing the absence of mistake or accident as to the sale to Baldwin and tended to make more probable the proof of the charge in issue.

It is contended further that the evidence was insufficient to convict; that there was nothing to show that plaintiff in error knew he was receiving or selling wood alcohol until he found it out from the effect upon those he had sold to. While there was some evidence, first, as to the price which he paid for the alcohol, which was more nearly the price, as testified, at which grain alcohol sold than the price of wood alcohol, and some further testimony that plaintiff in error stated at the coroner's inquest that he supposed he

was obtaining grain alcohol, and that he saved some of the alcohol, which he stated he intended to have analyzed, yet the fact remains that he sold wood alcohol as a beverage, which resulted in the death of a human being. Plaintiff in error did not testify in his own behalf. The jury heard all the evidence, and we do not feel justified in setting aside the verdict of manslaughter.

The judgment of the circuit court of Christian county will be affirmed.

*Judgment affirmed.*

THOMPSON and DUNCAN, JJ., specially concurring:

We agree that the judgment of conviction of manslaughter should be affirmed. The new statute is a useless piece of legislation, because the crime which it was designed to define was already fully defined by existing statutes. It is of no consequence, therefore, whether the new act is valid. Some counts of the indictment are sufficient to support a conviction for murder or manslaughter under the provisions of sections 140 and 145 of the Criminal Code. Plaintiff in error was engaged in the unlawful business of selling intoxicating liquor for beverage purposes and the liquor he sold Baldwin was poisonous. The natural consequence of drinking the quantity of poisonous liquor sold by the bar-tenders employed for the purpose by plaintiff in error, to be drunk by Baldwin, was death, and the killing naturally resulting from the act of selling the poison for beverage purposes is murder. That the jury favored plaintiff in error by convicting him of the lesser included offense is an act of grace of which he cannot complain. It was error to permit witnesses to detail the serious results to others who drank the poison sold by plaintiff in error, because such details were not relevant. The guilt of plaintiff in error is so clearly established, however, that the errors occurring on the trial should not result in a reversal.