BELLE HOLLINGSWORTH, Appellee, *vs.* THE CHICAGO AND CARTERVILLE COAL COMPANY, Appellant.

*Opinion filed December 22, 1909.*

1. CONSTITUTIONAL LAW—*what is not necessary under provision of constitution concerning amendatory acts.* Section 13 of article 4 of the constitution, providing that no law shall be revived or amended by reference to its title only, but the law revived or section amended shall be inserted at length in the new act, does not require that when a new act is passed all prior acts modified by implication be re-enacted and published at length.

2. SAME—*what is not within prohibition of constitution relating to amendatory acts.* Any new provision of law may in some sense be said to amend and change the prior system of laws, and whenever there is an irreconcilable conflict between two acts the later act must prevail and operates as a repeal by implication to the extent of the conflict; but if such act is not amendatory in form and is complete in itself, it is not within the prohibition of section 13 of article 4 of the constitution.

3. SAME—*how amendatory character of an act is determined.* The character of an act, as amendatory of a prior act or as an in-

dependent act, must be determined, not by the title alone nor by the question whether it professes to be an amendment of existing laws, but by examination and comparison of it with prior laws.

4. SAME—*act which is merely an attempt to amend prior statutes without complying with constitution is void.* Whatever may be the form of an act, if it is, in effect, merely an attempt to amend a law by intermingling new and different provisions with the old ones, or, by adding new provisions, to create out of the prior and new acts a complete law, the act is amendatory, and is void unless the requirements of section 13 of article 4 of the constitution are complied with.

5. SAME—*rule where act must be held void as an amendatory act or sustained as an independent act.* If an act must either be held void as an amendatory act or sustained as an independent act, it is the duty of the court, if it can consistently be done, to sustain the act as an independent act.

6. SAME—*the Shot-Firers act of 1907 cannot be sustained as amendatory of general act of 1899.* Because of its failure to comply with the requirements of section 13 of article 4 of the constitution the Shot-Firers act of 1907 cannot be sustained as an amendment of the general law of 1899, (Laws of 1899, p. 300,) which gives a right of action to the widow, heirs or dependents of persons killed by willful violation of such general law.

7. SAME—*the Shot-Firers act is valid as an independent act—effect.* The Shot-Firers act of 1907 is valid as a separate and independent act covering the whole subject with which it purports to deal; but a violation of such act, resulting in the death of a miner, does not give to the widow of the deceased any right of action such as is given by section 33 of the general act of 1899.

APPEAL from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding.

DENISON & SPILLER, (MASTIN & SHERLOCK, of counsel,) for appellant:

Where a new act on a subject is complete in itself and entirely intelligible, and where its enactment has no reference to any prior law, it will not contravene section 13 of article 4 of the constitution. *People* v. *Loeffler,* 175 Ill. 585.

An act of the legislature should be sustained as independent legislation and not as amendatory in character, if possible. *People* v. *Knopf,* 183 Ill. 410.

The right of action given to the widow by section 33 of the Mines and Miners act is a special remedy given to a particular person or class of persons, and is limited to those cases in which the loss of life has resulted from a willful violation of that act or a willful failure to comply with its provisions, and cannot be extended so as to apply to cases where the loss of life has resulted from a willful violation of some subsequent independent statute which is complete in itself. Hurd's Stat. chap. 93, sec. 33.

Persons, matters and things which are not clearly included in penal laws cannot be brought within their operation by mere construction. *Railroad Co.* v. *People,* 217 Ill. 164.

NEELY, GALLIMORE, COOK & POTTER, for appellee:

When the harmony of the law requires, one statute will be construed as lengthening out,—that is, extending,—the effect of another by implication. This is so when the earlier statute deals with a subject matter to which the later act relates. Bishop on Crimes, 128; *State* v. *Hays,* 78 Mo. 600; *Nations* v. *State,* 64 Ark. 564; *People* v. *Kriesel,* 136 Mich. 83.

The right of action given to the widow by section 33 of the Mines and Miners act for a willful violation of that act is extended, by implication, to the Shot-Firers act. *Rogers* v. *Bradshaw,* 20 Johns. 744; *Louisville* v. *Commonwealth,* 9 Dana, 70; *State* v. *Raines,* 3 McCord, 70.

It is objected that the Shot-Firers law is invalid because in conflict with section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject, and that no law shall be revived or amended by reference to its title only, but the law revived shall be inserted at length in the new act." The Shot-Firers act does not, in terms, assume to revise, alter or amend any prior act or section of an act, but it has an amendatory effect by implication. The Shot-Firers act and

the Mines and Miners act make one harmonious whole. *People* v. *Mahoney,* 13 Mich. 481; *People* v. *Wright,* 70 Ill. 388; *Timm* v. *Harrison,* 109 id. 593.

An act entirely separate and independent in form may amend another statute by implication. *Holbrook* v. *Nichol,* 36 Ill. 161; *Chicago* v. *Reeves,* 220 id. 274; *Badenoch* v. *Chicago,* 222 id. 71; *Erford* v. *Peoria,* 229 id. 546.

The constitutional inhibition against the amendment of any law by reference to its title only, does not apply to amendments by implication. The Shot-Firers act does not, in terms, purport to amend any statute, by reference to its title or otherwise. *South Park Comrs.* v. *Bank,* 177 Ill. 234; *Little Rock* v. *Quindley,* 61 Ark. 622; *Nations* v. *State,* 64 id. 564.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 16, 1908, Albert F. Hollingsworth was working for the Chicago and Carterville Coal Company, the appellant, in its coal mine in Williamson county, as a machine runner operating an air drill, and was standing in an entry of the mine, drinking water from a bucket, when a shot was fired by one of the miners about one hundred and forty or one hundred and fifty feet from him, in a room on the same entry. The shot was in a hole four feet and eight inches in length drilled in the face of the coal, and was what was called a windy or blown-out shot, which did not affect the coal but merely blew out the tamping. The shot sent a red flame out into the room where it was fired and caused a puff or gust of wind through the entry which blew Hollingsworth over and he fell, striking the back of his head against an iron rail or chunk of coal, causing a fracture of the skull, from which he died. The appellee, Belle Hollingsworth, his widow, brought this action on the case in the circuit court of Williamson county

against the appellant, and her declaration consisted of one count, by which she sought a recovery of damages under section 33 of the act entitled "An act to revise the laws in relation to coal mines and subjects relating thereto, and providing for the health and safety of persons employed therein," in force July 1, 1899, (Laws of 1899, p. 300,) which provides that in case of loss of life by reason of a willful violation of the act or willful failure to comply with any of its provisions a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were before such loss of life dependent for support on the person or persons so killed. For the purpose of showing a liability under that act the plaintiff set out the provisions of the Shot-Firers act, in force July 1, 1907, that in all mines in this State where coal is blasted and where more than two pounds of powder is used for any one blast, and also in all mines in this State where gas is generated in dangerous quantities, a sufficient number of practical, experienced men, to be designated as shot-firers, shall be employed by the company and at its own expense, whose duty it shall be to inspect and do all the firing of all blasts prepared in a practical, workmanlike manner in said mine. She averred that the defendant's mine generated gas in dangerous quantities, and charged as a breach of the duty created by the Shot-Firers act, that the defendant willfully failed to employ shot-firers to blast and fire its shots and blasts of powder, and that her husband, while in the performance of his duty passing along and through said entry, was killed as a result of such willful failure. The defendant pleaded not guilty and there was a trial of the issue.

After the passage of the Shot-Firers act the defendant installed machines operated by compressed air which undercut the coal, and less than two pounds of powder was afterwards used at each shot. The controverted questions of fact were whether gas was generated in dangerous quan-

tities in the mine, and whether there was any gas in the room at the time the shot was fired or sufficient gas to help cause the explosion or the force of the puff of wind. The plaintiff's witnesses testified that there were small accumulations of gas in pockets, holes or crevices in the roof and the mine examiner was accustomed to mark such places; that sometimes there was hardly enough gas to burn which gathered in such holes or crevices; that the miners were in the habit of blowing the accumulations of gas out with the air pipe or to burn them out with their lamps; that there had been two explosions of gas in the mine, one of which was in the part of the mine which had been abandoned for five months and was partly filled with water, and it occurred when that part of the mine was being timbered so that it could again be worked; that no miners were employed in that part of the mine at the time and no coal was being mined there; that the other explosion occurred when the trap-door was left open and the ventilating current was diverted. All the evidence was that there were no accumulations of gas, except the small amounts above stated, unless there was an interference with the ventilating current, and the evidence for the defendant was that there was no gas in the room where the shot was fired, or other agency which increased the force of the explosion or the expansive force of the powder expended in the room and entry.

At the close of the evidence the defendant asked the court to direct a verdict of not guilty for want of evidence tending to prove a cause of action, and because the Shot-Firers act, if it was an amendment to the general act on mines and miners, was unconstitutional and void because in conflict with section 13 of article 4 of the constitution, and if it was an independent and separate act of legislation it did not give any right of action for damages to the plaintiff, as widow of the deceased, in consequence of the willful failure, refusal or neglect of the defendant to com-

ply with its provisions. The court refused to direct a verdict, and instructed the jury that if the mine generated gas in dangerous quantities and the defendant willfully failed to employ shot-firers and to have other employees removed from the mine while shots were being fired, and that the deceased came to his death in consequence of said willful failure, they should find the defendant guilty. The jury returned a verdict for $1500, and the court, after overruling a motion for a new trial and a motion in arrest of judgment based on the constitutional question, entered judgment on the verdict. An appeal was allowed to this court on account of the constitutional question.

Section 33 of the general act of 1899 relating to mines and miners can only be held to give a right of action to the plaintiff for a willful failure of the defendant to employ shot-firers in case the Shot-Firers act of 1907 was an amendment to such general act and became incorporated therein as such amendment, so that the requirement can be regarded as one of the provisions thereof. Section 13 of article 4 of the constitution provides that no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act. The Shot-Firers act does not comply with that provision, and if regarded as an amendment of the general act it would violate the constitution and be void. It relates to matters which might properly have been included in the act of 1899, which permitted miners, workmen or shot-firers to explode shots under the conditions provided therein. The Shot-Firers act modifies the general act by prohibiting such work by miners in mines where more than two pounds of powder is used for a single blast and in mines where gas is generated in dangerous quantities. It does not, however, purport to amend any act, but in form is a complete and independent act of legislation. It requires the employment of shot-firers under certain conditions, and fixes penalties of fine or imprisonment, or both,

for any willful neglect, refusal or failure to do any of the things required by it. If the act is complete in itself without reference to the general act, it does not contravene the constitutional provision merely for the reason that it repeals, modifies or amends, by implication, the general act. Any new provision of law may in some sense be said to amend and change the prior system of laws, and whenever there is an irreconcilable conflict between two acts the later one must prevail. To the extent of the conflict the later act amends the earlier one by implication, and if the later act is not amendatory in form and perfect in itself it is not within the prohibition of the constitution. It is not necessary, when a new act is passed, that all prior acts modified by it by implication shall be re-enacted and published at length. *People* v. *Wright,* 70 Ill. 388; *Timm* v. *Harrison,* 109 id. 593; *School Directors* v. *School Directors,* 135 id. 464; *English* v. *City of Danville,* 150 id. 92; *Erford* v. *City of Peoria,* 229 id. 546; 26 Am. & Eng. Ency. of Law, (2d ed.) 708.

The character of an act as amendatory of a prior act or as independent legislation must be determined, however, not by the title alone nor the question whether the act professes to be an amendment of existing laws, but by examination and comparison of its provisions with prior laws. If the act purports to be complete in itself but is, in effect, an attempt to amend prior statutes without complying with the provisions of the constitution, it is void. Whatever its form, if it is merely an attempt to amend a law by intermingling new and different provisions with the old ones or by adding new provisions, to create out of the prior act and the new act a complete law, the act is amendatory and the requirements of the constitution must be complied with. *People* v. *Knopf,* 183 Ill. 410; *Badenoch* v. *City of Chicago,* 222 id. 71.

Applying these rules to this case, the Shot-Firers act must either be held void for not complying with the consti-

tutional provision or be sustained as an independent act of legislation complete in itself, and so far as this case is concerned the result would be the same in either view. If it is an amendment of the general act it is void, and if it is an independent act it gives no right of action to the plaintiff. It is our duty to sustain the act as a complete and entire act on the subject which it purports to deal with if we can consistently do so, rather than to hold it void as an attempted amendment to the general act. (*People* v. *Knopf, supra.*) An examination of the provisions of the act convinces us that it is valid and should be sustained as a separate and independent act. This is quite clearly shown by the penalties fixed for a violation of its provisions. It declares a violation of the act to be punishable as a misdemeanor by a fine of not less than $100 and not to exceed $200, or by imprisonment in the county jail for a period not exceeding three months, or both, at the discretion of the court. Section 33 of the general act provides for a fine not exceeding $500 or imprisonment in the county jail for a period not exceeding six months, or both, at the discretion of the court, and that is the same section which gives a right of action to a widow. If it had been intended that the right of action given by section 33 of the general act for a violation of its provisions should extend to violations of the Shot-Firers act the legislature would naturally have referred to the general act for the penalties, or at least would have fixed the same penalties for violations of the Shot-Firers act. We hold the Shot-Firers act to be valid as covering the subject with which it purports to deal and not authorizing any action by the plaintiff.

It follows that the court erred in refusing to direct a verdict and in not sustaining the motion in arrest of judgment, and the judgment is accordingly reversed.

*Judgment reversed.*