Haefner v. Golden Rule Coal Co., 210 Ill. App. 588.

---

## Casper Haefner, Plaintiff in Error, v. Golden Rule Coal Company, Defendant in Error.

1. APPEAL AND ERROR, § 1498*—*when exclusion of expert evidence as to cause of explosion in mine is harmless error.* In an action against a mine owner by a mine shot firer to recover damages for personal injuries due to a premature explosion because of too short a fuse being used, the exclusion of expert evidence that the shot which injured plaintiff prematurely exploded by reason of having a fuse less than four feet long, the length customarily used, was harmless error where there was evidence that a fuse of such length would take about four minutes to explode after being ignited, and that the fuse which exploded did so in about a minute and a half after being ignited.

2. MINES AND MINERALS, § 102a*—*who has duty of preparing shot.* Under the Mines and Miners' Act, sections 14(d), 19(i), 19(1), 20, 21, 29, 47, 47(a), 47(b), 47(c) [J. & A. ¶¶ 7488(d), 7493(i), 7493(1), 7494, 7495, 7503, 7516, 7517, 7518, 7519], the duty of preparing the shot, including drilling the holes, charging them, adjusting the fuse and tamping the shot is cast upon the miner, and consequently there can be no common-law obligation placing the duty upon the employer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Haefner v. Golden Rule Coal Co., 210 Ill. App. 588.

3. Mines and minerals, § 102a*—*when mine owner not liable for explosion due to failure to properly prepare shots.* In the absence of evidence directly tending to prove that the mine operator has taken over the control of the manner in which the shots shall be prepared, it cannot be held liable for failure to properly prepare the shots, resulting in a premature explosion and injury to a shot firer.

4. Mines and minerals, § 82*—*when Shot Firers' Act and Mines and Miners' Act construed together.* While the Shot Firers' Act (J. & A. ¶ 7512 et seq.) is an independent act and is not an amendment to the Mines and Miners' Act (J. & A. ¶ 7475 et seq.), the former act does not set aside the provisions of the Mines and Miners' Act, and, in order to determine whether or not an injured shot firer has a right of action for alleged negligence of the mine owner, the construction of the provisions of both acts are involved.

Error to the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

E. W. Kreitner and Schaefer & Kruger, for plaintiff in error.

Barthel, Farmer & Klingel, for defendant in error.

Mr. Presiding Justice Boggs delivered the opinion of the court.

On March 11, 1915, plaintiff in error, hereinafter called plaintiff, was in the employment of defendant in error, hereinafter called defendant, as a driver and shot firer in its mine. He would perform the duties of driver during the day and, after the miners had quit for the day, as a shot firer. Plaintiff had been a miner for about 16 years. He had worked for defendant company for 4 years and had been a shot firer for some 2 or 3 years. Plaintiff and Charles Nuernberger, his buddy, among other places, were to fire shots in two parallel blind entries, one being the one in which the accident hereinafter mentioned occurred;

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and was known as the first east entry off the main north. On the day of the injury, Martin and Keim, two loaders, drilled four holes in the face of the first east entry, two lower holes or growlers, as they were called, and two upper holes. The entry was about 21 feet in width and 6½ feet high and there was a crosscut between this entry and the one parallel to it. About 50 or 60 feet back from the face another crosscut was being driven in the face between these two entries. The two upper shots and the right-hand growler were prepared and loaded by Martin and Keim, the fuses extending some 6 or 8 inches out of said holes. The lower left-hand growler was wet and it was necessary for plaintiff to dry the same before loading it. This he did, and then called to his buddy, who was in the crosscut, that he was ready to fire and on receiving a reply that his buddy was ready, plaintiff lit the lower right-hand growler, then the upper right-hand shot, and while lighting the upper left-hand shot the fuse spit back and put out his light. Shortly thereafter one of the three shots prepared by Martin or Keim exploded, seriously injuring plaintiff. To recover for said injury this suit was instituted.

The declaration as finally amended consisted of two counts, one being designated the amended declaration and the other the additional count. The amended declaration charged that there had been a custom in defendant's mine to equip the holes for the blasting shots with fuses, "to wit, four feet in length, and that when so equipped said fuses would burn, to wit, four minutes after being so ignited, and before causing the said powder to explode; that said custom had been adopted by and was known to said defendant, or, in the exercise of ordinary care might have been known to it for a period of, to wit: one year prior to the day and date hereinbefore alleged; that it therefore then and there became and was the duty of said defendant not to deviate from or change said custom without

notice to its employees engaged in the firing of said shots." Said declaration further alleges that plaintiff had knowledge of said custom to so equip said blasting holes with fuses 4 feet long and that on the day of the injury, said defendant not regarding its duty, negligently and carelessly equipped one of said holes with a short fuse that did not burn for the period of four minutes and exploded in less than one minute after being ignited, thereby causing plaintiff's injuries, etc.

The second or additional count charges negligence generally in the preparation and equipping of said shots and averred and relied on the doctrine of *res ipsa loquitur*. To said declaration, defendant filed a plea of the general issue. At the close of plaintiff's evidence the court directed a verdict of not guilty as to the additional count and at the close of all the evidence directed a verdict of not guilty as to the remaining count and rendered judgment thereon. To reverse said judgment this writ of error is prosecuted.

It was stipulated between the parties on the hearing that defendant had rejected the Workmen's Compensation Act prior to said injury, and that under the provisions of the Workmen's Compensation Act defendant is therefore barred of the defenses of assumed risk, fellow-servant and contributory negligence.

The first ground relied upon by plaintiff in error for a reversal of said judgment is that the court erred in refusing to allow expert testimony to the effect that the shot which injured plaintiff prematurely exploded by reason of its having a fuse less than 4 feet long. The evidence of plaintiff in error tended to prove that fuses of not less than 4 feet in length had been used in defendant's mine and that it took practically four minutes for a fuse of that character to explode and that the explosion of the shot which injured plaintiff occurred in from one to two minutes after the same

had been ignited. In view of the evidence in the record we do not believe that the court seriously erred in its ruling. The evidence without reference to any expert testimony was to the effect that a fuse 4 feet long would take about four minutes to explode after being ignited; that the fuse in the particular case according to the testimony of plaintiff in error exploded in about a minute and a half after being ignited. There was therefore no necessity for expert testimony, and in our view of the case this evidence was not important. The court did not err in refusing to admit such expert testimony.

It is next contended by plaintiff that defendant was guilty of negligence in allowing the hole in question to be equipped with a fuse less than 4 feet long in violation of a custom that had obtained in defendant's mine for some years prior thereto. Plaintiff practically concedes that if he is bound by the provisions of the general Mines and Miners' Act that he has no ground of recovery in this case, but he insists that he is not bound thereby for the reason that he is a shot firer. His insistence being that the "Shot Firers' Act" and the "Mines and Miners' Act" are two separate and distinct statutes and that he, being a shot firer, is not bound by the provision of the Mines and Miners' Act. By express provision of the law, the Mines and Miners' Act imposes certain duties upon the mine operator, such as, supplying props, examining the mine, securing ventilation, etc. Sections 20 and 21 of said Act (J. & A. ¶¶ 7494, 7495). There are other duties expressly cast upon the miner, such as, to properly prop and secure his working place; the place and manner of storing and handling powder, etc.

Section 29 of the Mines and Miners' Act (J. & A. ¶ 7503) provides that: "Any wilful neglect, refusal or failure to do the things required to be done by any section, clause or provision of this Act, on the part of the person or persons herein required to do them

*  *  *  shall be deemed a misdemeanor,'' etc., and ''for any injury to person or property, occasioned by any wilful violation of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured,'' etc.

Section 14, paragraph (d) [J. & A. ¶ 7488(d)] provides: ''Not more than three shots shall be exploded at one shooting time ahead of the last open cross-cut.''

Section 19, paragraph (1) [J. & A. ¶ 7493(1)] provides that: ''Not more than one shot shall be lighted at the same time in any working place unless the firing is done by electricity or by fuses of such length that the interval between the explosions of any two shots shall be not less than one minute, and in no case shall any shot or shots be fired or lighted which are termed depending or dependent shots, until after the expiration of ten minutes from the successful firing of the relieving shot or shots. When successive shots are to be fired in any working place in which the roof is broken or faulty, the smoke shall be allowed to clear away and the roof examined and made secure between shots.''

Section 47 (J. & A. ¶ 7516) provides that: ''No miner or other person shall alter or change any drill hole, by increasing its depth, diameter or otherwise, after the same shall have been approved by the shot firer.''

Section 47(a) [J. & A. ¶ 7517] provides that: ''No shot firer, whether voluntarily, or by command or request of any person, shall fire any unlawful shot, or any shot which in his judgment, exercised as aforesaid, from his inspection thereof, made as aforesaid, shall not be a workmanlike, proper and practical shot.''

Section 47(b) [J. & A. ¶ 7518] provides that: ''No person or persons shall order, command or induce by threats, or otherwise, any shot firer to fire any unlawful shot, or any shot which in his judgment, after due

inspection, shall not be a workmanlike, proper and practical shot."

Section 47(c) [J. & A. ¶ 7519] fixes a penalty for failure on the part of any person to do what is required of him.

Section 19(i) [J. &. A. ¶ 7493(i)] provides that: "Every blasting hole shall be tamped full from the explosive to the mouth of the hole, and no coal dust or any material that is inflammable or that may create a spark, whether the same shall be wet or dry, shall be used for tamping."

It will therefore be observed by reference to the sections of the statute above quoted that the duty of preparing the shot, that is drilling the holes, charging them, adjusting the fuse and tamping the shot under the Mines and Miners' Statute is all cast upon the miner. These are duties and obligations with which the operator has nothing to do. Plaintiff's counsel contend that the length of the fuse is not specified and while this is so, except as provided in section 19(l) [7493(l)], yet, that is part of the work of preparing the shot for firing and devolves upon the person charged with that duty. This duty being cast, by express provision of statute upon the miner, there can be no common-law obligation placing the duty elsewhere. In *Streeb v. St. Louis & O'Fallon Coal Co.,* 165 Ill. App. 304, the court at page 309 says: "None of the statutory provisions aforesaid are placed upon the mine owner by the terms of the statute, and they are not that character of duties that belong to the mine owner as a master, as distinguished from that class of duties that belong to the miner as a servant. The miner in firing the shots therefore is doing the work of a servant, and is not representing the mine owner as master in performing the master's duty that the law casts upon him as a master. The statute does not intend to give a statutory action to the miner or those working around him, for any wilful violation of

a statutory duty that is enjoined upon the miner only.'' Again on page 310 the court says: ''Neither is the right of action given to employees that are injured by wilful violations of the statute, given against any one who has not wilfully violated the statute.''

There is nothing in the record in this case proving or tending to prove that defendant had assumed the duty of directing how the shots should be prepared by the miners in its mines. So that we hold that inasmuch as the duty of preparing the shots is placed on the miner and not upon the operator, that in the absence of evidence tending directly to prove that the mine operator had taken over the control of the manner in which the shots should be prepared it cannot be held liable for failure to properly prepare the shots.

Plaintiff in error practically concedes that this would be true if this suit had been brought by a miner and not by a shot firer. We hold, however, that while the Shot Firers' Act is an independent act and is not an amendment to the Mines and Miners' Statute, the Shot Firers' Act does not set aside the provisions of the Mines and Miners' Act.

The Supreme Court has held in various cases that have come before it that while the Shot Firers' Act is an independent act, in order to determine whether or not an injured person has a right of action it practically involves the construction of the provisions of both the Mines and Miners' and the Shot Firers' Statutes.

In *Houghland v. Avery Coal & Mining Co.*, 246 Ill. 609, the court at page 614 says: ''The principal ground upon which plaintiff in error asks a reversal of these judgments is that a shot firer does not come within the protection of the general act concerning mines and miners. The Shot Firers' Act was originally passed in 1905 and was amended by the addition of three sections in 1907. The amendments, however, do not affect the decision of the question raised

by the plaintiff in error. The reason given by plaintiff in error for its contention that shot firers are not within the protection of the general act concerning mines and miners is, that the Shot Firers' Act is a separate and independent legislative enactment in nowise amendatory of the general act; also, that shot firers are experts to whom the entire mine is turned over when they commence the discharge of their duties, and no inspection is required or can be made after the miners quit work and before the shot firers enter upon the discharge of their duties. In *Davis v. Illinois Collieries Co.*, 232 Ill. 284, a shot firer was held to be within the protection of the general act concerning mines and miners. This case was cited with approval in *Brennen v. Chicago & C. Coal Co.*, 241 Ill. 610, where it was said the provisions of the general act 'are for the safety and protection of all who are employed in the mine, including engineers, firemen, pump men, shot firers, drivers and other workmen and employees.'

"Plaintiff in error insists that since those cases were decided this court has held in *Hollingsworth v. Chicago & C. Coal Co.*, 243 Ill. 98, that the Shot Firers' Act is an independent act and not an amendment to the general mining act, and that the decisions in those cases are therefore no authority. We cannot agree to this position. In the *Hollingsworth* case the coal company did not employ shot firers, and the shot fired by one of the miners caused an explosion, resulting in the death of another miner. The widow of the deceased brought an action against the coal company, and alleged as a ground of recovery that the mine was of such condition and character that the law required shot firers to be employed therein, and that the coal company wilfully failed to employ shot firers, by reason whereof her husband was killed. We held the Shot Firers' Act being no part of the general Mines and Miners' Act, but being an independent act, and

containing no provision authorizing a widow to sue for damages for failure to comply with its provisions, as is the case with the general act, the suit could not be maintained. There is no intimation in the opinion in that case that shot firers are not within the protection of the general act, and that decision is in nowise inconsistent with the previous decisions of this court holding that they are within the protection of said act.''

We hold, therefore, that the statute having cast the duty of preparing the shots on the miners, no common-law duty rested upon the defendant in regard thereto, and that defendant would not be negligent for failing to properly prepare shots as charged in plaintiff's declaration. On the record in this case, there can be no recovery, and the court did not err in directing a verdict in favor of defendant.

It was also contended by plaintiff that under the doctrine of *res ipsa loquitur* he would have a right of recovery. What we have already said with regard to the fact that no duty rested on defendant in reference to the preparation of the shot in question makes it unnecessary for us to discuss the question of *res ipsa loquitur* and its application in this case.

For the reasons above set forth the judgment of the trial court will be affirmed.

*Judgment affirmed.*