(No. 32400.—

CO-ORDINATED TRANSPORT, INC. OF ILLINOIS *et al.,* Appellees, *vs.* EDWARD J. BARRETT, Secretary of State, *et al.,* Appellants.

*Opinion filed June 4, 1952.*

322

Ivan A. Elliott, Attorney General, of Springfield, and John C. Friedland, State's Attorney, of Geneva, (John T. Caldwell, Frank M. Pfeifer, and William C. Wines, of counsel,) for appellants.

Putnam, Johnson & Alschuler, and Reid & Ochsenschlager, both of Aurora, (Sam Alschuler, Frank R. Reid, Jr., Ralph C. Putnam, Jr., Robert B. Hupp, and William C. Murphy, of counsel,) for appellees.

Per Curiam: This is a direct appeal by the Secretary of State, the sheriff of Kane County, and the commanding officer of the second district of the State Highway Police of the State of Illinois, defendants below, from a final decree of the circuit court of Kane County which declared unconstitutional and void an act of the Sixty-seventh General Assembly, approved by the Governor of Illinois on July 9, 1951, entitled "An Act to amend· Sections 9, 11a and 20 and to repeal Sections 9b, 9c, 9d, 9e, 9f, 9g, 9h, 9i, 9j, 9k and 9l of the 'Motor Vehicle Law,' approved June 30, 1919, as amended," (Laws of 1951, p. 1147,) and

which enjoined and restrained the defendants from attempting to enforce the provisions of said act and from interfering with or from stopping or attempting to stop the plaintiffs from using the highways of the State of Illinois by reason of noncompliance with said act, and permanently enjoining the defendants, their agents, servants and employees from instituting any action, civil or criminal, against the plaintiffs under said act.

The decree found, as was alleged in the complaint, that the act was in violation of the provisions of section 8 of article I, and section 1 of amendment XIV of the constitution of the United States and of article III, section 2 of article II, sections 1, 2, 3, and 10 of article IX, and section 13 of article IV of the constitution of the State of Illinois, and therefore unconstitutional, void, and of no legal force.

Each of the issues as to unconstitutionality presented in the pleadings, briefs and arguments in the instant case was presented to and decided by this court in its recent decision in the case of *Bode* v. *Barrett,* 412 Ill. 204, opinion rendered March 20, 1952, with the exception of the issue raised under section 13 of article IV of the Illinois constitution.

The plaintiffs in the present case constitute more than fifty motor vehicle carriers representing most every type of such carrier in the State of Illinois. The parties do not sue in their representative capacity, as they did in the *Bode case,* but the relief sought is the same as that prayed for in that case. The fact that the economic interests of many of the plaintiffs in this case are not identical with the economic interests of the parties to the *Bode case* does not change the character of the constitutional issues presented and argued in each of the cases.

The testimony of fourteen plaintiff truck operators of various classes and a large volume of documentary evidence was introduced on behalf of the plaintiffs; also two bankers

testified to the curtailment of truck loans after the enactment of the amendatory statute. Plaintiffs rely strongly upon the testimony of Professor Worley of the University of Michigan, as presenting an altogether different factual picture than that relied upon by the plaintiffs in the *Bode case*. Professor Worley, an engineer, for the past five years has been identified with numerous State trucking associations. Worley advances a theory and formula upon which a motor vehicle tax schedule can be based. He takes the position that the plan involved in the legislation under consideration is arbitrary and unreasonable. Professor Worley admitted on cross-examination that his theory was highly controversial, and that there was an honest difference of opinion among scientific experts as to the relative merits of the various theories of taxation in this particular field. The record in this case contains the testimony of Frank N. Barker, Chief Highway Engineer of the State of Illinois, which is the same as reported in the *Bode case*.

Without prolonging this opinion with a discussion of the details of the two schools of thought on what constitutes a rational, reasonable and fair motor vehicle license fee, suffice it to say that it clearly becomes a legislative function to choose the one that serves better the needs of the legislation under review. The legislature in this matter has a broad range of discretion and is free to adopt the theory it believes, from its study and exercise of legislative discretion, to be the best. As we said in *Melton* v. *City of Paris*, 333 Ill. 190, 198: "A court will not hold an ordinance void and unreasonable where there is room for a fair difference of opinion upon the question, even though the correctness of the legislative judgment may be doubtful and the court may regard the ordinance as not the best which might be adopted for the purpose."

In *Sproles* v. *Binford*, 286 U.S. 374, a Texas statute forbade operation of any motor vehicle carrying a net load of freight exceeding seven thousand pounds. This was

attacked as violative of the commerce clause and the four-teenth amendment of the Federal constitution. It was contended that the net load limitation, as contrasted with a possible gross load limitation, was "opposed to sound engineering opinion" and hence invalid. In overruling this contention the court said (page 388): "Limitations of size and weight are manifestly subjects within the broad range of legislative discretion. To make scientific precision a criterion of constitutional power would be to subject the State to an intolerable supervision hostile to the basic principles of our Government and wholly beyond the protection which the general clause of the 14th Amendment was intended to secure."

Again, the Supreme Court of the United States in *Capitol Greyhound Lines* v. *Brice,* 339 U.S. 542, 546, in discussing factors involved in State motor vehicle tax formulas, said: "These factors, like those relevant in considering the constitutionality of other State taxes, are so countless that we must be content with 'rough approximation' rather than precision."

This court, in the *Bode opinion,* disposed of this precise question adversely to the contentions of the plaintiffs herein. The new evidence offered in the present proceedings does not warrant a reversal of the views there expressed.

The only issue which was not presented to and considered by this court in its decision of the *Bode case* is the contention that the 1951 amendment violates that portion of section 13 of article IV of the Illinois constitution which provides as follows: "No Act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. * * * No law shall be revised or amended by reference to its title only but the law revised or the section amended shall be inserted at length in the new Act."

The title of the 1951 amendment is as heretofore set out in the first paragraph of this opinion. The title of the Motor Vehicle Act of 1919, to which the title of the 1951

amendment refers, is "An Act in relation to motor vehicles and to repeal a certain Act therein named."

The first argument of the plaintiffs in respect to this contention is that the act embraces both the subject of police regulations and the subject of revenue, and that the subject of revenue is not embraced in the title of the amendment.

The principles of law applicable generally to this question have been well stated as follows (50 Am. Jur., Statutes, sec. 197, p. 178, *et seq.*) : "The constitutional prohibition of more than one subject in an act does not impose any limitation on the comprehensiveness of the subject, which may be as comprehensive as the legislature chooses to make it, provided it constitutes, in the constitutional sense, a single subject and not several. To constitute plurality of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having any legitimate connection with or relation to each other. Within the meaning of the constitutional provision, matters which apparently constitute distinct and separate subjects are not so where they are not incongruous and diverse to each other. Generally speaking, the courts are agreed that a statute may include every matter germane, referable, auxiliary, incidental, or subsidiary to, and not inconsistent with, or foreign to, the general subject or object of the act. The constitutional provision is not intended, nor should it be so construed as, to prevent the legislature from embracing in one act all matters properly connected with one general subject or object, but the term 'subject' or 'object' as used in these provisions is to be given a broad and extended meaning, so as to allow the legislature full scope to include in one act all matters fairly, reasonably, naturally, logically, properly, or directly or indirectly connected with, or related to, each other or the same subject or object. The statute embraces but one subject or object where the matters included

are such that, if traced back, they will lead the mind to the subject as the generic head. On the other hand, an act may not embrace unrelated or unconnected subjects or objects, but the various topics in the body of the act should and must be kindred in nature, and germane to the subject or object. It has been said that there can be no surer test of compliance with the constitutional requirement of singleness of subject than that none of the provisions of an act can be read as relating or germane to any other subject than the one named in the title."

These general principles have been followed in the State of Illinois. In *Public Service Co.* v. *Recktenwald,* 290 Ill. 314, this court, in holding that the provisions for the power of eminent domain in the Public Utilities Act did not render such act void, said as follows:

"The constitutional provision that no act shall embrace more than one subject, which shall be expressed in the title, prohibits the passage of an act containing provisions not fairly embraced in the title and any such provisions are void, and it also prohibits the passage of an act relating to different subjects expressed in the title, in which case the whole act is void. [Citing cases.] The general purpose of the constitutional provision, however, is accomplished when a law has but one general subject, which is fairly indicated by its title. The title is not required to be an index to the body of the act or as comprehensive in matters of detail, but if it fairly indicates the general subject and reasonably covers all the provisions of the act and is not calculated to mislead the General Assembly or the people it is a sufficient compliance with the constitutional requirements. Unless the act contains matters having no proper connection or relation to the title, or the title itself contains subjects having no proper relation to each other, the constitutional provision is not violated. An act having a single general subject indicated in the title may contain any number of provisions, no matter how diverse they may be, so

long as they are not inconsistent with or foreign to the general subject, and may be considered in furtherance of such subject by providing for the method and means of carrying out the general object. [Citing cases.]"

Although this particular issue has not heretofore been presented, this court has heretofore been called upon to decide analogous questions as to the validity of the Motor Vehicle Act. In *People* v. *Sargent,* 254 Ill. 514, the validity of the Motor Vehicle Act of 1911 as embracing more than one subject was challenged in reference to the section thereof imposing a penalty for operating or driving a vehicle as a chauffeur on the highways without having had an examination and obtaining a license as such. The title of the act included no reference to penal provisions for violation thereof. In holding the constitution not violated, we said, at page 517: "The word 'subject,' as used in the constitution, signifies the matter or thing forming the groundwork. It may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to it as the generic head. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and may be properly included in the law."

The same result and reasoning appears in the case of *People* v. *Sisk,* 297 Ill. 314, wherein section 7 of the Motor Vehicle Act, making it a criminal offense to drive a tractor or other metal tired vehicle over the edge of a public highway of the State without protecting the edge by putting down solid planks, was challenged. *People* v. *Stacker,* 322 Ill. 232.

One of the more recent decisions of this court in this respect appears in *Clarke* v. *Storchak,* 384 Ill. 564, wherein we held the "guest statute," added to the Motor Vehicle Act by amendment of 1935, was properly included in the Motor Vehicle Act as incidental or germane to the main purpose of that act as expressed in the title and that the

amendment is not invalid as an attempt to amend the Injuries Act.

Recognizing the realities of the Motor Vehicle Act, it constitutes both a regulation of motor vehicles and use of the highways under the police powers of the State and also the imposition of a privilege tax on motor vehicles for the privilege of using the highways as a revenue measure. Since its inception the Motor Vehicle Act has provided that the revenues derived thereunder should be deposited in a State road fund and used solely for discharging the principal and interest of State road bonds and for the improvement of the highways. The exercise of both the police and revenue powers of the State may be combined in one act, provided they relate to only the one subject in the title and are not inconsistent therewith. *State* v. *Preston,* 103 *Ore.* 631, 206 Pac. 304, 23 A.L.R. 414; *Smallwood* v. *Jeter,* 42 Idaho 169, 244 Pac. 149; *Barnett* v. *State,* 20 Ala. App. 96, 102 So. 483; *Wilson* v. *State,* 143 Tenn. 55, 224 S.W. 168; *Smith* v. *Com.* 175 Ky. 286, 194 S.W. 367; *State* v. *Ingalls,* 18 N. Mex. 211, 135 Pac. 1177.

The 1919 Motor Vehicle Act of Illinois was both a revenue and police power measure, relating to and embracing only one subject, *viz.,* motor vehicles. The title of the 1951 amendment gave the plainest possible notice that the subject of the proposed act was the amendment of sections 9, 11a and 20 of the Motor Vehicle Act and the repeal of certain other sections thereof. As stated in *City of Evanston* v. *Wazau,* 364 Ill. 198, "An act to amend another act, the former setting out the latter's title, is as comprehensive as the act amended, and any provision which might have been inserted in the original act may be incorporated in the amendatory act without violating the constitutional provision that the subject of an act shall be expressed in the title."

Plaintiffs further contend that the 1951 act amends section 13 of the Motor Vehicle Act without inserting the

amended section at length, contrary to section 13 of article IV of the Illinois constitution. Section 13 authorizes and empowers the Secretary of State to institute in the name of the people of the State of Illinois a suit or suits in any court of competent jurisdiction to enforce the collection of any mileage weight fees provided for in the act as well as other fees, fines, penalties or damages. The purpose of the constitutional provision requiring that the amended section of a law be inserted at length in the new act is to avoid the necessity of having to make reference to a prior law to determine and give meaning to an amendatory act. (*People ex rel. Gramlich* v. *City of Peoria,* 374 Ill. 313.) However, if the act is complete in itself, without reference to the general act, it does not contravene the constitutional provision merely for the reason that it repeals, modifies or amends, by implication, the general act. Any new provision of law may in some sense be said to amend and change the prior system of laws, and whenever there is an irreconcilable conflict between two acts the later one must prevail. To the extent of the conflict the later act amends the earlier one by implication, and, if the later act is not amendatory in form and perfect in itself, it is not within the prohibition of the constitution. It is not necessary, when a new act is passed, that all prior acts modified by it by implication shall be re-enacted and published at length. *Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 Ill. 98; *People* v. *Chicago Transit Authority,* 392 Ill. 77.

The 1951 amendment effected amendments to sections 9, 11a and 20 of the Motor Vehicle Act and repealed certain specified sections of that law providing for payment of mileage weight fees. Section 13 of the Motor Vehicle Act is not mentioned or specified in the amendatory act. However, it cannot be said that the 1951 act is amendatory in form as to section 13. The 1951 amendment requires no reference to section 13 in order to be fully understood. It

is complete and perfect in itself. The authorities cited by plaintiffs in support of their position involved amendatory acts which were not complete in themselves and which required reference to the prior or basic act being amended in order to be understood. The situation here presented is closely analagous to the situation in *Clarke* v. *Storchak*, 384 Ill. 564, in which the guest statute amendment to the Motor Vehicle Act was sustained, although it did not purport to amend in its title the Illinois Injuries Act.

The 1951 amendment to the Motor Vehicle Act refers to only one subject, *viz.,* motor vehicles, is complete within itself, requires reference to no other act, and is not violative of section 13 of article IV of the constitution.

Plaintiffs make the further contention that the 1951 amendment is confiscatory and violative of the fourteenth amendment to the United States constitution and of article II of the Illinois constitution; also that it violates article III of the Illinois constitution in unlawfully delegating legislative authority to the Secretary of State; that the taxes imposed constitute property taxes invalid under article IX of the Illinois constitution because it was not based upon value; also, that the equal protection of the laws guaranteed under both the Illinois and United States constitutions is denied them by the provision relating to agricultural exemptions contained in section IX of the act. These same problems were all earnestly considered by the court in the *Bode case.* We adhere to our conclusions reached therein.

We have given all questions raised on this appeal serious consideration, and we have reached the conclusion, in view of what we have said heretofore and our pronouncements in the recent opinion of *Bode* v. *Barrett,* that the 1951 amendment to the Motor Vehicle Act of Illinois is constitutional, and the decree of the trial court is reversed.

*Decree reversed.*