(No. 33594.—

CHARLES F. MANSFIELD et al., Appellants, vs. CHARLES F. CARPENTIER, Secretary of State, et al., Appellees.

*Opinion filed September 23, 1955.*

ARVEY, HODES & MANTYNBAND, of Chicago, (J. HERZL SEGAL, and JOSEPH A. LONDRIGAN, of counsel,) for appellants.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiffs appeal directly to this court from a decree of the superior court of Cook County dismissing for want of equity plaintiffs' amended and supplemental complaint for an injunction restraining defendants, the Secretary of State and other law enforcement officers, from enforcing

the 1951 and 1953 amendments to the Motor Vehicle Law, (Ill. Rev. Stat. 1951, chap. 95½, pars. 9, 12a and 22; Ill. Rev. Stat. 1953, chap. 95½, pars. 9, 9a-9g, and 12a,) and for an order impounding fees paid pursuant thereto in the State protest fund. The validity of a State statute and revenue of the State being directly involved, the appeal properly comes direct to this court.

The defendants' motion to dismiss and the trial court's decree are based solely on the ground that all issues tendered by the amended and supplemental complaint have been adjudicated adversely to the plaintiffs by the decision of this court in *Bode* v. *Barrett,* 412 Ill. 204, *Co-ordinated Transport, Inc.* v. *Barrett,* 412 Ill. 321, affirmed in 344 U.S. 583, 97 L. ed. 567, 74 S. Ct. 468, and *Agricultural Transportation Association* v. *Carpentier,* 2 Ill. 2d 19. The trial court having decided the case on motion to dismiss, all facts well pleaded in plaintiffs' complaint must be taken as true.

There are numerous parties plaintiff to this suit who are residents of the State of Illinois, and who as owners of motor vehicles of the second class (trucks, etc.) applied for registration thereof and paid the demanded fees under protest. The plaintiff Waller is a nonresident of the State of Illinois, a resident of Wichita, Kansas, and the owner of motor vehicles of the second division. He operates as a contract carrier in the States of Kansas, Missouri, and Illinois, and his business in Illinois consists of picking up goods and freight in Illinois and delivering the same to Missouri and Kansas. He does not do any intrastate business in Illinois, and the taxes imposed by the 1951 amendment are such that it will not be economically feasible for him to continue to conduct interstate commerce between Illinois, Missouri, and Kansas. The plaintiff Waller purports to sue in a representative capacity on behalf of all owners of motor vehicles of the second division, as defined in the act, who are engaged solely in interstate commerce

in Illinois and who do not engage in intrastate commerce in Illinois.

The complaint alleges passage of the 1951 amendment to the Motor Vehicle Law (Ill. Rev. Stat. 1951, chap. 95½, pars. 9, 12a and 22) and charges the act is unconstitutional on the same grounds asserted in *Bode* v. *Barrett,* 412 Ill. 204. Reference is made to the *Bode case* for a statement as to the nature of said 1951 amendment, the historical development of the Illinois Motor Vehicle Act so far as pertinent, and the numerous constitutional issues raised against the amendatory act.

The amended and supplemental complaint adopts the allegations of the original complaint, adds numerous additional parties plaintiff, alleges the passage of the 1953 amendment to the Motor Vehicle Act, (Ill. Rev. Stat. 1953, chap. 95½, pars. 9, 9a-9g, and 12a,) and alleges its unconstitutionality for all of the reasons alleged in the original complaint and for additional reasons hereinafter set forth.

The 1953 amendment, after scaling downward the increased flat annual license fee graduated in amount by brackets according to gross weight scheduled to go into effect January 1, 1954, by the 1951 amendment, reinstated an optional mileage weight tax abolished by the 1951 amendment, with a limiting factor of a minimum guaranteed mileage weight tax graduated in amount by brackets according to gross weight. Section 20 (par. 22) of the Motor Vehicle Law was not amended by the 1953 act, so that no provision is made in the act for reciprocity agreements with other States as to persons electing to pay on a mileage basis, although there is such provision as to persons paying the flat annual license fee.

The constitutional objections urged against the 1953 amendment, in addition to those urged against the 1951 amendment, are:

(a) Section 9-A (par. 9b) of the act in establishing minimum guaranteed mileage weight taxes, maximum mileage permitted under guaranteed tax, and a mileage weight tax for mileage in excess of guaranteed mileage, is arbitrarily discriminatory between different classes of owners and does not bear a reasonable or rational relation between the amount of compensation exacted and the use of the highways.

(b) Sections 9 and 9-A of the act in their combined application result in arbitrary, capricious and discriminatory consequences with respect to combinations of second division vehicles of the same aggregate weights as reflected in a certain tabulation set forth.

(c) Section 20, in providing reciprocal exemption for nonresidents as to flat weight annual license fees and failing to provide such exemption in the case of mileage weight taxes, nullifies such purported election between flat weight tax and mileage weight tax, and the act is therefore arbitrary, capricious and discriminatory.

(d) The minimum guaranteed mileage weight tax is so large as to be subject to the same objections as the 1951 act.

(e) The fees and taxes imposed by the 1953 act are so grossly immoderate that the amount of revenue exacted is greatly in excess of the benefits for the privilege of traveling upon the State highways. The complaint alleges in this respect that such fees and taxes, when added to all other revenue derived by the State for the privilege of using State highways, are greatly in excess of the cost of constructing, widening, reconstructing, improving and maintaining State highways; that at the end of the fiscal year on June 30, 1953, the State had exacted from users of the State highways the sum of $43,503,595 in excess of the amount necessary for State highway purposes, and that such sum remained unexpended and had to be reappropri-

ated for highway purposes; that the increased taxes will aggravate the surplus of revenue for State highway purposes and such grossly excessive taxation is unconstitutional.

In urging reversal, the plaintiffs assign as error in substance three propositions:

(a) That the issues here presented have not been adjudicated by the previous decisions heretofore referred to.

(b) That both acts are unconstitutional because they levy a tax upon the privilege of using the highways for interstate commerce which is in excess of a fair contribution for such use.

(c) That both acts are unconstitutional because they levy confiscatory taxes that render operation of a business upon the highways impossible.

In addition to arguing the foregoing propositions, plaintiffs also argue:

(d) That both acts are unconstitutional because they do not bear a reasonable relation to the use made of highways, that is, they are not proportional to the mileage traveled.

(e) That the 1953 act unconstitutionally discriminates between owners of similar vehicles.

(f) That the 1953 act unreasonably discriminates between persons similarly situated with regard to reciprocal arrangements between the States.

The cases relied upon by the defendants, as resolving all issues here presented, decided only those issues raised in respect to the validity of the 1951 amendment to the Motor Vehicle Law. Generally speaking, those cases hold that an Illinois tax for use of the public highways measured exclusively by the gross weight of a vehicle does not infringe either the Illinois or Federal constitutions, as applied to both intrastate and interstate carriers. Although the United States Supreme Court in its opinion refused to consider the validity of the act under the commerce clause because the appellants were intrastate as well as interstate

carriers, yet this court in the *Bode case* held that since the case was instituted by plaintiffs in their representative capacity as taxpayers they could challenge the validity of the act even though not subject to its provisions and that the 1951 act did not violate the commerce clause. Plaintiffs' assertion that the issues here are different than in the decided cases, because of lack of a qualified plaintiff to raise such issues in the prior cases, is therefore not an accurate statement so far as this court's opinion is concerned. The prior decisions of this court are determinative of the issues and constitutionality of the 1951 amendatory act.

The 1953 amendatory act, however, has never been before this court and the cited decisions of this court on the 1951 act do not necessarily conclude all of the issues as to the 1953 act.

In the *Bode case* it was clearly established that motor vehicle license laws need not necessarily be framed on the basis of mileage, but that their constitutionality is measured by whether or not the total of excise taxes levied for the privilege of using State roads produces an amount which is shown to be in excess of fair or reasonable compensation to the State for the privilege. The formula imposing a particular tax is no measure of its constitutionality so long as it is a reasonable exercise of legislative judgment. Neither is the fact that a tax may put some individual out of business considered a valid argument against the tax if the tax otherwise is reasonable in relation to the cost of the highways or the abstract value of the privilege of using them. Even when the tax is imposed upon a nonresident and wholly with respect to interstate commerce, a State may tax the full measure of the privilege granted regardless of how little the tax is exploited.

From the principles established in the *Bode case* as above set forth, it necessarily follows that the plaintiffs' attack on the validity of the 1953 amendatory act on the theories that it levies confiscatory taxes and that it bears

no reasonable relation to the use made of the highways because it is not proportional to the mileage traveled are not valid attacks or objections.

However, there are other issues raised in this case as to the 1953 act which have not been previously decided by this court. The complaint alleges that the taxes imposed by said act are in excess of fair or reasonable compensation to the State for the privilege of using its highways, and alleges in support thereof facts indicating that the revenue produced thereby was in excess of the cost of highway construction and maintenance to the State in a certain year. Although such alleged facts are admitted by the pleading, the alleged conclusion to be reached therefrom of excess compensation to the State does not necessarily follow. Although reasonable compensation for highway costs may be a factor to be considered, the true criterion is fair compensation for the abstract concept of privilege of use. (*Capitol Greyhound Lines, Inc.* v. *Brice,* 339 U.S. 542, 94 L. ed. 1053, 70 S. Ct. 806, 17 A.L.R. 2d 407.) It is a question of fact as to each particular statute whether the State is exacting more than a fair compensation for the privilege granted. *Capitol Greyhound Lines, Inc.* v. *Brice,* 339 U.S. 542, 94 L. ed. 1053, 70 S. Ct. 806.

The complaint further challenges the validity of the 1953 act on two additional grounds; first, as being discriminatory between owners of similar vehicles because of separate schedules based on weight of self-propelled vehicles and trailers, and second, as being discriminatory between persons similarly situated with regard to reciprocal arrangements between the States because of section 20 of the act authorizing reciprocal agreements as to persons paying taxes on a flat weight basis and not authorizing them as to persons paying taxes on a mileage basis. Neither of such issues were before the court in the cases relied upon by the defendants and could not have been because the 1953 act was not then before the court.

Although this court's earlier decisions in the cases cited are conclusive as to the issues concerning the 1951 amendatory act, (and they cannot and should not be relitigated,) yet there are several issues, as hereinabove indicated, pertaining to the 1953 amendatory act which have not been heretofore considered by this court and which are not concluded by the cited decisions of this court. Without purporting to resolve those issues at the present time, since that is the trial court's function in the first instance, we are of the opinion that the defendants' motion to strike and dismiss should have been denied.

Accordingly, the decree of the trial court is reversed and the cause remanded, with directions to overrule defendants' motion to strike and dismiss and to proceed with said cause in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*