(No. 35034.— )

THE PEOPLE *ex rel.* Edwin O. Nordstrom, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed March 20, 1959.*

TRIMBLE AND TRIMBLE, of Princeton, and NELSON TROTTMAN, of Chicago, (CARL McGOWAN, of counsel,) for appellant.

DONALD CHASE MARTIN, State's Attorney, of Princeton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The county court of Bureau County overruled the objections of the Chicago and North Western Railway Company to the application of the county collector for judgment fixing the correct amount of 1955 taxes paid under protest, and the objector appeals.

The objections concern the tax rates for Milo, Greenville and Manlius townships, and for the village of Manlius. In 1951 each of the townships was levying an additional rate for road and bridge purposes, and the village of Manlius was levying an additional tax for general corporate purposes. The issue that the case presents is whether these taxing bodies were authorized to establish the additional rate that was being levied in 1951 as a permanent rate.

In each of the townships the maximum rate had been increased for a period of five years in accordance with the provisions of the Roads and Bridges Act. (Ill. Rev. Stat. 1949, chap. 121, pars. 62, 62a, 62b, and 62c.) The elections which authorized the increased rates were held in Milo Township in 1948, in Greenville Township in 1949,

and in Manlius Township in 1950. By an election held in 1949, the village of Manlius had also provided for a temporary five-year increase in its maximum rate for corporate purposes, as authorized by section 16—1 of the Revised Cities and Villages Act. Ill. Rev. Stat. 1949, chap. 24, par. 16—1.

In 1951 section 162b was added to the Revenue Act. Its purpose was "to provide the procedure for an orderly change from maximum tax rate limits imposed by the General Assembly to maximum tax rate limits established locally on the basis of local needs." (Ill. Rev. Stat. 1951, chap. 120, par. 643b.) Each of the taxing bodies took action under section 162b to establish the additional rate that was being levied in 1951 as its permanent rate.

The objector's position in each instance is that the additional rate could no longer be effective after the expiration of the period for which it was originally authorized. It bases that position upon its construction of the language of section 162b. And it also contends that the construction that it urges must be adopted because if section 162b is construed to authorize temporary rates to be made permanent, it amends the provisions of the Roads and Bridges Act and the Revised Cities and Villages Act, in violation of section 13 of article IV of the constitution.

So far as it is relevant to the objections now before us, section 162b provides that the corporate authorities of any taxing district shall, not later than December 31, 1951, establish by ordinance or resolution the maximum permissible tax rate limitation to be extended thereafter for each of its funds. It provides that if there is thus established "a maximum tax rate limit for a fund which is not greater than the tax rate limit in effect for said fund as of the date of adoption of the ordinance or resolution, then such tax rate limit or [*sic*] such fund shall go into effect immediately * * *." Paragraph 9 of section 162b defines the term "tax rate limit in effect." It deals with three situa-

tions: (1) where a tax rate limit has been authorized by a referendum held after January 1, 1946; (2) where the fund for which taxes are levied was created after January 1, 1946, and (3) where the fund was in existence on January 1, 1946, and an increase in the rate was not thereafter authorized by referendum. Each of the tax rates before us was authorized by a referendum held after January 1, 1946. Paragraph 9 provides that in that situation the "tax rate limit in effect" is to be "the tax rate limit * * * authorized by any referendum held after January 1, 1946." Ill. Rev. Stat. 1951, chap. 120, par. 643b.

This language is specific and in our opinion it leaves no room for construction. The rate with which the General Assembly was concerned was the rate in effect when the municipal authorities took their action to fix minimum rates for the future. And the rate which it sanctioned was the rate authorized by *any* referendum held after January 1, 1946. All of these rates were so authorized. In the language of the section there is no room for an inference that temporary rates which had been found necessary and had been authorized by referendum were to be excluded from its operation. The entire purpose, as the section stated, was to effect an orderly transition from legislatively prescribed rates to municipally determined rates. One obvious way of accomplishing that purpose was by authorizing the continuance of existing rates.

Nor in our opinion is it necessary to deviate from the plain language of the section in order to avoid a constitutional issue. The objector argues that unless section 162b is read as excluding tax rates temporarily in effect, it would amend the five-year limitation periods in the Roads and Bridges Act and the Revised Cities and Villages Act without inserting the sections amended at length in the new act, and so would violate section 13 of article IV of the constitution. Of course if this argument was sound it would invalidate all of section 162a of the Revenue Act, as

well as all of section 162b. But as we pointed out in *Starck v. Chicago and North Western Railway Co.* 4 Ill.2d 611, 616-617, the constitution does not prohibit amendment by implication. "It is not necessary, when a new act is passed, that all prior acts modified by it by implication shall be re-enacted and published at length." *Co-ordinated Transport, Inc. v. Barrett,* 412 Ill. 321, 330.

The judgment of the county court of Bureau County is affirmed.

*Judgment affirmed.*